# SUPPLEMENT.

## Opinion of the Justices to the Senate.

In answering certain questions submitted to them by the Senate respecting proposed legislation "relative to the unauthorized practice of law and prohibiting certain acts and practices," the Justices stated that, while the judicial department cannot be circumscribed or restricted in the performance of the duties placed upon it under the Constitution to control the practice of law, the admission to the bar of persons found qualified to act as attorneys at law and the removal from that position of those once admitted and found to be unfaithful to their trust, appropriate and essential assistance in discharging such duties may be afforded by the enactment of statutes.

In reply to such questions, the Justices stated that legislation, forbidding the practice of law by corporations or associations or by individuals other than members of the bar of the Commonwealth, either in the performance of the functions of an attorney or counsellor at law before the courts, or in the performance of the customary functions of an attorney or counsellor at law which do not involve appearing before the courts, is permissible, but that legislation permitting the practice of law by such persons would not be constitutionally competent for the General Court.

For answer to a question, "To what extent are the forbidding or permitting of the" practice of law and its "regulation judicial rather than legislative functions?" the Justices referred the Senate to what was set forth at length in *Opinion of the Justices*, 279 Mass. 607.

The Justices answered in the negative a question, "Is it constitutionally competent for the General Court, in the form of exceptions to general provisions making it unlawful for corporations or associations to practice law in this Commonwealth, to grant . . . to various corporations and associations" certain "special powers and privileges," nearly all of which related to the practice of law.

On June 29, 1934, the Senate adopted the following order:

WHEREAS, There is pending before the Senate a bill entitled "An Act relative to the unauthorized practice of law and prohibiting certain acts and practices" printed as House document numbered fourteen hundred and thirty-three, a copy whereof is hereto annexed; and

WHEREAS, Doubt exists as to whether certain provisions of said bill do not invade the judicial province in violation of Article XXX of Part the First of the Constitution of the Commonwealth or otherwise violate the provisions of the Constitution; therefore be it

ORDERED, That the opinions of the Honorable the Justices of the Supreme Judicial Court be required by the Senate on the following important questions of law: —

1. In so far as the words "practice of law" relate to the performance of the functions of an attorney or counsellor at law before the courts, is it constitutionally competent for the General Court to enact legislation forbidding or permitting such practice by corporations or associations or by individuals other than members of the bar of the Commonwealth?

2. In so far as said words relate to the performance of the customary functions of an attorney or counsellor at law which do not involve appearance before the courts, is it constitutionally competent for the General Court to enact legislation forbidding or permitting such practice by corporations or associations or by individuals other than members of the bar of the Commonwealth?

3. To what extent are the forbidding or permitting of the exercise of the rights and privileges set forth in questions one and two and their regulation judicial rather than legislative functions?

4. Is there any phase of the practice of law set forth in said pending bill to which or from which the General Court may by legislation admit or debar corporations or associations or individuals who are non-members of the bar of this Commonwealth?

5. Is it constitutionally competent for the General Court, in the form of exceptions to general provisions making it unlawful for corporations or associations to practice law in this Commonwealth, to grant special powers and privileges to various corporations and associations, substantially as set forth in sections one and two of said bill?

Sections 1 and 2 of the proposed act read as follows:

SECTION 1. Chapter two hundred and twenty-one of the General Laws is hereby amended by striking out section forty-six, as appearing in the Tercentenary edition, and inserting in place thereof the following: —

*Section 46.* It shall be unlawful for any individual or association of individuals, other than members, in good standing, of the bar of this commonwealth, to practice law, or by word, sign, letter, advertisement, or otherwise, to hold out himself or themselves as competent, qualified or able to practice law; provided, that a member of the bar, in good standing, of any other state may appear, by permission of the court, as attorney or counsellor in any case pending therein; and provided, further, that nothing herein shall be construed as prohibiting an individual from maintaining, conducting or defending in his own behalf, in any court of this commonwealth, an action to which he is a party, or from preparing legal documents or instruments for his own use or for use in connection with matters in which he has a direct personal interest as a party thereto; and provided, further, that nothing herein shall prevent any individual from appearing before the industrial accident board in behalf of any injured person.

It shall be unlawful for any corporation to practice or appear as an attorney for any person other than itself in any court in the commonwealth, or before any judicial body or the industrial accident board or the board of tax appeals; or hold itself out to the public or advertise as being entitled to practice law, and no corporation shall organize corporations, or draw agreements or other legal documents not relating to its lawful business, or draw wills, or irrevocable trust instruments, or practice law, or give legal advice, or hold itself out in any manner as being entitled to do any of the foregoing acts, by or through any person orally or by advertisement, letter or circular; provided, that the foregoing shall not prevent a corporation from employing an attorney in regard to its own affairs or in any litigation to which it is or may be a party; and

provided, further, that the foregoing shall not prevent any bank or trust company lawfully doing business in the commonwealth from furnishing to persons with whom it may deal or who may apply for the same, through its officers or agents, legal information or legal advice with respect to investments, taxation, stocks, bonds, notes or other securities or property.

The superior court shall have jurisdiction in equity, upon petition of any bar association within this commonwealth, or of any member of the bar of this commonwealth, to enjoin any person, association of persons or corporation from violating any provision of this section.

SECTION 2. Said chapter two hundred and twenty-one is hereby further amended by striking out section forty-seven, as so appearing, and inserting in place thereof the following: —

*Section 47.* The preceding section shall not apply to any public service corporation or any corporation lawfully engaged in the business of insurance or suretyship, or its agents or employees, in carrying on its lawful business, or to any corporation lawfully engaged in the examination and insuring of titles to real property, or to any individual engaged in the examination of such titles but where in the exercise of such business, such corporation or individual shall be called upon to perform acts heretofore performed by attorneys, such acts shall be performed through agents or employees who shall be members of the bar in good standing, or to any corporation lawfully engaged in assisting attorneys to organize corporations, or organized for and lawfully engaged in benevolent or charitable purposes, or organized under the authority of the commonwealth for the purpose of assisting persons without means in the pursuit of any civil remedy, or to any automobile club or association or labor organization furnishing the services of an attorney or attorneys to its members; nor shall said section prohibit accountants from giving advice, and preparing reports, tax returns or other documents necessary or incident to the practice

of their profession, or prohibit accountants from appearing before the board of tax appeals or any other body that so permits by its rules, or prohibit any newspaper from answering inquiries through its columns, or prohibit any corporation from providing legal advice or assistance to its employees or its subsidiaries or companies or associations under its operation or management but such legal advice shall be furnished through agents or employees of such corporation who shall be members of the bar in good standing, or prohibit any corporation or partnership lawfully engaged in the business of conducting a mercantile or collection agency or adjustment bureau from employing an attorney to give legal advice concerning, or to prosecute actions in court relating to, the adjustment or collection of debts and accounts, only; nor shall said section prohibit any persons from drawing agreements, leases, deeds or mortgages relating to real estate.

The order was transmitted to the Justices on July 5, 1934, and on January 30, 1935, they returned the following answers:

To The Honorable the Senate of the Commonwealth of Massachusetts:

The Justices of the Supreme Judicial Court have considered the questions propounded by an order adopted on June 29, 1934, and transmitted on July 5, 1934, after the prorogation of the General Court. Copy of the order is hereto annexed. The following opinion is respectfully submitted:

The questions relate to a pending bill entitled "An Act relative to the unauthorized practice of law and prohibiting certain acts and practices." The proposed bill by §§ 1 and 2 revises respectively §§ 46 and 47 of G. L. (Ter. Ed.) c. 221, by § 3 repeals § 49 of G. L. (Ter. Ed.) c. 221, and by § 4 enacts expressly that nothing in the act shall be construed as a limitation upon the power of the courts to

decide what acts constitute the practice of law, or to enjoin and punish as a contempt of court unlawful practices of the law.

It is inherent in the judicial department of government under the Constitution to control the practice of the law, the admission to the bar of persons found qualified to act as attorneys at law and the removal from that position of those once admitted and found to be unfaithful to their trust. While the judicial department cannot be circumscribed or restricted in the performance of these duties, appropriate and essential assistance in discharging them may be afforded by the enactment of statutes. As the questions are framed and as a general proposition, valid permission to practise law cannot be given by the General Court except subject to the requirements for admission to the bar established by the judicial department. *Opinion of the Justices*, 279 Mass. 607.

So far as the practice of the law relates to the performance of the functions of an attorney or counsellor at law before the courts, it comprises mastery of the facts and law constituting the cause of action or legal proceeding of whatever nature, the preparation of pleadings, process, and other papers incident to such action or proceeding, and the management and trial of the action or proceeding on behalf of clients before judicial tribunals. These matters closely concern the courts. Legislation forbidding such practice of the law by corporations or associations, or by individuals other than members of the bar, would be within the competency of the General Court. It would tend to enhance the effectiveness of the judicial department. Crimes might be established for the infraction of prohibitions of such practice of the law. G. L. (Ter. Ed.) c. 221, § 41. *Commonwealth* v. *Grant*, 201 Mass. 458. Civil remedies in equity or otherwise for the prevention of such infractions might be provided and made plain.

It would not be within the competency of the General Court to enact legislation designed to permit such practice of the law "by corporations or associations or by individuals

other than members of the bar of the Commonwealth."
Permission to practise law is within the exclusive cogni-
zance of the judicial department. The practice of the law
is personal. It is open only to individuals proved to the
satisfaction of the court to possess sufficient general knowl-
edge and adequate special qualifications as to learning in the
law and to be of good moral character. After one has been
sanctioned in these respects, the oath as an attorney must
be taken, whereby one becomes an officer of the court and
subject to its discipline for violation of his obligations even
to the extent of removal from his office. A dual trust is
imposed on attorneys at law: they must act with all good
fidelity both to the courts and to their clients. They are
bound by canons of ethics which have been the growth of
long experience and which are enforced by the courts.
*Matter of Cohen*, 261 Mass. 484. The relation of an attorney
to his client is preëminently confidential. In addition to
adequate learning, it demands on the part of the attorney
undivided allegiance, a conspicuous degree of faithfulness
and disinterestedness, absolute integrity, and utter renun-
ciation of every personal advantage conflicting in any way
directly or indirectly with the interests of his client. Only
a human being can conform to these exacting requirements.
Artificial creations such as corporations or associations
cannot meet these prerequisites.

Practice of law under modern conditions consists in no
small part of work performed outside of any court and hav-
ing no immediate relation to proceedings in court. It em-
braces conveyancing, the giving of legal advice on a large
variety of subjects, and the preparation and execution of
legal instruments covering an extensive field of business and
trust relations and other affairs. Although these transac-
tions may have no direct connection with court proceedings,
they are always subject to become involved in litigation.
They require in many aspects a high degree of legal skill,
a wide experience with men and affairs, and great capacity
for adaptation to difficult and complex situations. These
"customary functions of an attorney or counsellor at law"

(as they are described in question 2 of the order) bear an intimate relation to the administration of justice by the courts. No valid distinction, so far as concerns the questions set forth in the order, can be drawn between that part of the work of the lawyer which involves appearance in court and that part which involves advice and drafting of instruments in his office. The work of the office lawyer is the groundwork for future possible contests in courts. It has profound effect on the whole scheme of the administration of justice. It is performed with that possibility in mind, and otherwise would hardly be needed. In this country the practice of law includes both forms of legal service; there is no separation, as in England, into barristers and solicitors. It is of importance to the welfare of the public that these manifold customary functions be performed by persons possessed of adequate learning and skill, of sound moral character, and acting at all times under the heavy trust obligation to clients which rests upon all attorneys. The underlying reasons which prevent corporations, associations and individuals other than members of the bar from appearing before the courts apply with equal force to the performance of these customary functions of attorneys and counsellors at law outside of courts. Decisions of the courts, some of which deal with statutes, are unanimous on these points, so far as we are aware.* If these established principles as to the practice of law are ever to be changed, the judicial department of the government must act to that end.

Individuals have been permitted to manage, prosecute or

---

* *Matter of Co-operative Law Co.* 198 N. Y. 479. *People* v. *Alfani,* 227 N. Y. 334, 337–338. *People* v. *Peoples Stock Yards State Bank,* 344 Ill. 462, 474. *In re Eastern Idaho Loan & Trust Co.* 49 Idaho, 280, 287. *People* v. *Peoples Trust Co.* 180 App. Div. (N. Y.) 494, 497. *In re Otterness,* 181 Minn. 254. *People* v. *Merchants Protective Corp.* 189 Cal. 531, 538. *State* v. *Merchants Protective Corp.* 105 Wash. 12, 17. *State* v. *Retail Credit Men's Association,* 163 Tenn. 450. *People* v. *Title Guarantee & Trust Co.* 227 N. Y. 366, 372. *Boykin* v. *Hopkins,* 174 Ga. 511, 517–523. *Black & White Operating Co. Inc.* v. *Grosbart,* 107 N. J. L. 63, 68. *Unger* v. *Landlords' Management Corp.* 114 N. J. Eq. 68, 72. *People* v. *Motorists Association,* 354 Ill. 595, 599. *People* v. *Association of Real Estate Tax-payers,* 354 Ill. 102, 109. *Land Title Abstract & Trust Co.* v. *Dworken,* 129 Ohio St. 23. See *Creditors National Clearing House, Inc.* v. *Bannwart,* 227 Mass. 579; *State* v. *St. Louis Union Trust Co.* 335 Mo. 845.

defend their own actions, suits, and proceedings, and to defend prosecutions against themselves except when the public welfare demanded otherwise, and this does not constitute the practice of law. See G. L. (Ter. Ed.) c. 221, § 48; c. 277, §§ 47, 48. The occasional drafting of simple deeds, and other legal instruments when not conducted as an occupation or yielding substantial income may fall outside the practice of the law. The gratuitous furnishing of legal aid to the poor and unfortunate without means in the pursuit of any civil remedy, as matter of charity, the search of records of real estate to ascertain what may there be disclosed without giving opinion or advice as to the legal effect of what is found, the work of an accountant dissociated from legal advice, do not constitute the practice of law. There may be other kindred pursuits of the same character. All these activities, however, lie close to the border line and may easily become or be accompanied by practice of the law. The giving of advice as to investments in stocks, bonds and other securities, in real or personal property, and in making tax returns falls within the same category. The exception in lines 42 to 49 of § 1 of the proposed bill enabling "any bank or trust company lawfully doing business in the commonwealth," notwithstanding the provisions of the bill, to furnish "legal information or legal advice with respect to investments, taxation, stocks, bonds, notes or other securities or property" transcends in some particulars the limits permissible to those not members of the bar and would comprehend, if stretched to its limits, a considerable practice of law.

It follows that the answers to questions 1, 2 and 4 are that legislation forbidding the practice of law as therein described by corporations or associations or by individuals other than members of the bar of the Commonwealth is permissible, but that legislation permitting the practice of law by such persons would not be constitutionally competent for the General Court.

It is not practicable or necessary to answer question 3 further than has already been done and as is set forth at length in *Opinion of the Justices*, 279 Mass. 607.

Question 5 is answered in the negative. Nearly all of the special powers and privileges set forth in §§ 1 and 2 of the proposed bill relate to the practice of law. Exceptions may be made to prohibitory provisions, but permission cannot thereby be conferred to practise law except subject to the judicial department of the government.

ARTHUR P. RUGG.
JOHN C. CROSBY.
EDWARD P. PIERCE.
FRED T. FIELD.
CHARLES H. DONAHUE.
HENRY T. LUMMUS.
STANLEY E. QUA.