## In re Superintendent of Public Instruction

RUTTER, Deputy Attorney General, September 19, 1940. —You have requested us to advise you what are the limits of your duties under section 1302 (*d*) of The Administrative Code of April 9, 1929, P. L. 177, 71 PS §352, with respect to requests for legal advice. The portion of the statute cited makes it the duty of the Department of Public Instruction:

"(*d*) Whenever required, to give advice, explanations, construction, or information, to the district officers and to citizens relative to the school laws, the duties of school officers, the management of the schools, and all other questions and matters calculated to promote the cause of education . . .".

Your above communication recites that you receive a large number of requests for legal advice, and you have been attempting to answer the same on the theory that you were required so to do under the foregoing statutory provision. Inevitably a major portion of the requests for legal advice received by you is transformed into requests to this department in your behalf for the same advice, so that it may be passed on to the original inquirers when obtained from us.

Section 1302 (*d*) of The Administrative Code, supra, was derived from section 1302 of The Administrative Code of June 7, 1923, P. L. 498. Similar provisions were contained in the School Code of May 18, 1911, P. L. 309,

secs. 1006 and 1014, 24 PS §§908 and 909. These sections, pertaining to the Superintendent of Public Instruction, were as follows:

"Section 1006. He shall, whenever required, give advice, explanations, construction, or information to the district officers and to citizens, relative to the school laws, the duties of school officers, the rights and duties of parents, guardians, pupils, and officers, the management of the schools, and all other questions and matters calculated to promote the cause of education."

"Section 1014. He may, when requested, give decisions and interpretations of the school law, which shall be valid and binding in like effect as law until reversed by proper judicial authority."

In Wells Township School District's Directors, 297 Pa. 242 (1929), the Supreme Court, in referring to sections 1006 and 1014 of the School Code of 1911, supra, stated at pages 246 and 247 as follows:

"The sections relative to the superintendent's advice, above quoted, concern administrative matters and have nothing to do with substantive or governmental acts. . . .

"We therefore hold that under the sections above quoted, authority is conferred on the superintendent of public instruction to advise in matters of an administrative nature . . .".

We conclude from this that the legislation under discussion does not enjoin upon you the duty of giving legal advice to anyone, nor did the legislature intend so to do.

The giving of legal advice is the practice of law. The practice of law "includes legal advice and counsel": Eley v. Miller, 7 Ind. App. 529, 535, 34 N. E. 836 (1893); Childs et al. v. Smeltzer, 315 Pa. 9 (1934). In Shortz et al. v. Farrell, 327 Pa. 81 (1937), it was said at page 85:

"Where the application of legal knowledge and technique is required, the activity constitutes such practice [the practice of law] . . . . It is the character of the

act and not the place where it is performed which is the decisive factor."

And, we may add, it is the kind of advice given, and not the kind of a person who gives it, lawyer or layman, which determines whether such advice is legal advice.

It is fundamental that a layman may not engage in the practice of law: Childs et al. v. Smeltzer, supra; In re Opinion of the Justices to the Senate, 289 Mass. 607, 194 N. E. 313 (1935).

Indeed, the Act of April 28, 1899, P. L. 117, as amended by the Acts of April 17, 1913, P. L. 80, and April 24, 1933, P. L. 66, 17 PS §1608, makes it unlawful for any person, who has not been admitted to practice in a court of record, to practice law, or to hold himself out to the public as entitled to practice law.

The Act of July 12, 1935, P. L. 708, 17 PS §1610, makes it a misdemeanor punishable by fine and imprisonment for anyone to practice law without being a member of the bar of a court of record.

In the face of the authorities cited we cannot possibly construe section 1302(d) of The Administrative Code of 1929, supra, as either authorizing or directing you to render legal advice to anyone. Another and conclusive reason why we cannot do so is because it is inherent in the judicial department of government (the courts) to control the practice of law: In re Opinion of the Justices to the Senate, supra.

In Splane's Petition, 123 Pa. 527 (1889), wherein it was held that an attorney is an officer of the court, and whether an individual is to be admitted to the bar or excluded therefrom is a judicial question, it was said by Mr. Chief Justice Paxson, at page 540:

"If there is anything in the constitution that is clear beyond controversy, it is that the legislature does not possess judicial powers. They are lodged exclusively in the judiciary as a coördinate department of the government. The executive and legislative departments can no more encroach upon the judicial department, than the latter

can encroach upon them. Each department, in our beautiful system of government, has its own appropriate sphere, and so long as it confines itself to its own orbit the machinery of government moves without friction.

"We have too much respect for the legislature to suppose it would ever intentionally step over the line which divides the different departments, but slight encroachments may sometimes occur through inadvertence. In such cases it is the province of the judiciary to correct them. It is our duty to see that the checks and balances provided by the constitution are preserved."

Section 902 of article IX of The Administrative Code of 1929 provides as follows:

"The Department of Justice shall have the power, and its duty shall be:

"(*a*) To furnish legal advice to the Governor, and to all administrative departments, boards, commissions, and officers of the State Government, concerning any matter or thing arising in connection with the exercise of the official powers or the performance of the official duties of the Governor, or such administrative departments, boards, commissions, or officers;

"(*b*) To supervise, direct and control all of the legal business of every administrative department, board, and commission of the State Government."

Pursuant to said section, it is the duty of this department to furnish legal advice, when so requested, to you as the head of an administrative department of the Commonwealth, concerning matters pertaining to the exercise of your official powers or duties.

Section 512 of article V of The Administrative Code of 1929 provides in part as follows:

"Whenever any department . . . shall require legal advice concerning its conduct or operation . . . it shall be the duty of such department . . . to refer the same to the Department of Justice.

"It shall be the duty of any department . . . having requested and received legal advice from the Department

of Justice . . . to follow the same, and, when any officer shall follow the advice given him by the Department of Justice, he shall not be in any way liable for so doing . . . .".

It is our opinion, in view of the foregoing section 512 of the code, that, since an official of the State Government who has requested and received legal advice from this department is bound thereby and is relieved from all liability for following such advice, this department has no duty to advise any person who is not (1) bound by its advice when given, and (2) protected by such advice when followed.

It is our opinion, therefore, and you are accordingly advised that, under section 1302 (*d*) of The Administrative Code of 1929, you are not required to, and should not, furnish legal advice to anyone.