Doyle, P. J.
This is an action for breach of contract and statutory damages pursuant to G.L.c.93 A for defendant United States Fidelity and Guaranty Co.’s (“U.S.F. & G.”) alleged failure to compensate its named insured, plaintiff Dorothy Pongonis, for losses covered under a homeowners’ liability insurance policy. One John F. Gleason, plaintiffs former insurance agent, was named as a defendant along with U.S.F. & G. and the Commissioner of Insurance for the Commonwealth of Massachusetts.
On December 3, 1986, defendant Gleason’s Dist./Mun. Cts. R. Civ., Rule 56 motion forsummaryjudgment was allowed. Thirteen days later, on December 16,1986, a document entitled “Plaintiffs Draft Report” was filed and signed by one Albert Pongonis. This draft report was properly dismissed as untimely on January 7,1987.
On January 13,1987, Albert Pongonis filed a draft report challenging the trial court’s order of dismissal. The trial justice filed a Certificate of Disallowance of this report on January 26,1987. On January 27,1987, Albert Pongonis filed an unverified “Motion for Appellate Review” which sought, inter alia, the establishment of a draft report.
The defendant thereafter submitted a “Motion to Preclude Albert Pongonis from Representing the Plaintiff on Appeal in the Appellate Division of the District Court.” At a hearing before this Division on March 18, 1987, said motion was allowed with a written decision to follow. Albert Pongonis then filed a Motion for Reconsideration and the defendant submitted written opposition thereto.
All documents filed in this case bear the signature of Albert Pongonis, either alone or with the designation “for Dorothy M. Pongonis.” Mr. Pongonis’ sole connection to this suit is that he is the husband of the plaintiff. Albert Pongonis is not now and has never been a party to this action. The insurance policy at issue lists only plaintiff Dorothy Pongonis as insured and pertains to real estate owned exclusively by Dorothy Pongonis. An affidavit submitted by Albert Pongonis on December 3,1986 contains specific averments on each of these points. A determination that Albert Pongonis is not a party in interest herein is required. His status as the plaintiffs spouse would not alone compel a different conclusion. See Levin v. Berley, 728 F.2d 551 (1st cir. 1984).
Albert Pongonis has not been admitted to the bar of this Commonwealth, *62 nor is he an attorney licensed to practice in any other jurisdiction. Section 40 of G.L.c. 221 expressly proscribes the unauthorized practice of law and renders subject to criminal sanctions anyone who “procures from any such person [who has claims for damages] ... the management or control of any such claim,orauthoritytoadjustorbringsuittorecoverforthe same. .. .’’The practice of law includes the preparation and filing of documents and the conducting of litigation as undertaken by Albert Pongonis herein. See, e.g., as to what constitutes practice of law, Lindsey v. Ogden, 10 Mass. App. Ct. 142, 149-150 (1980).
The legislature’s statutory interdiction of the unauthorized practice of law in G.L. c. 221, §40 certainly promotes the effectiven ess of the Judicial Department; it remains, however, that the “courts are the ultimate arbiters of who may practice law before them" Furtado v. Furtado, 380 Mass. 137, 147 (1980). See also, Opinion of the Justices, 289 Mass. 607 (1935). The efficiency, competency and integrity of the administration of justice demand the imposition of stringent standards for professional performance upon those who conduct the daily business of the courts.
[T]he practice of law .. . closely concerns the courts. . .. Itisopen only to individuals proved to the satisfaction of the court to possess sufficient general knowledge and adequate special qualifications as to learning in the law and to be of good moral character. After one has been sanctioned in these respects, the oath as an attorney must be taken, whereby one becomes an officer of the court and subject to its discipline for violation of his obligations even to the extent of his removal from his office. A dual trust is imposed on attorneys at law: They must act with all good fidelity both to the courts and to their clients. They are bound by canons of ethics which have been the growth of long experience and which are enforced by the courts.
Opinion of the Justices, 289 Mass. at 613 and cases cited.
Accordingly, the motion of Albert Pongonis for rehearing is denied. Pursuant to our March 18, 1987 allowance of the defendant’s “Motion to Preclude Albert Pongonis from Representing the Plaintiff,” as herein affirmed, all documents signed and filed by Albert Pongonis on and after December 6, 1986 to obtain an appeal to this Division are ordered stricken from the records.
To avoid undue hardship to Dorothy Pongonis, the plaintiff is hereby afforded thirty (30) days from the date of this decision to retain counsel to prepare and file all necessary documents pursuant to Dist./Mun. Cts. R. Civ. P., Rule 64 or to a’ pear and prosecute the same pro se.