LAS Collection Management *vs.* Juana Pagan.

Worcester. October 5, 2006. - December 11, 2006.

Present: Marshall, C.J., Greaney, Ireland, Spina, Cowin, Sosman, & Cordy, JJ.

*Unauthorized Practice of Law.*

In an action in the Housing Court seeking injunctive relief against the defendant tenant, the judge erred in denying the defendant's motion to dismiss the complaint where the plaintiff, a property agent who was not an attorney but who nevertheless undertook to represent the property owner in the lawsuit, engaged in the unauthorized practice of law. [849-851]

Civil action commenced in the Worcester County Division of the Housing Court Department on June 15, 2001.

A motion to dismiss was heard by *Diana H. Horan, J.*

The Supreme Judicial Court granted an application for direct appellate review.

*David P. Florio* for the defendant.

Ireland, J. In 2001, the owner of LAS Collection Management (LAS), a property management agent for a property owner, High Rock Group, filed a complaint in the Housing Court seeking injunctive relief against the defendant tenant. The defendant filed an answer and counterclaims that included the assertion that the agent was engaging in the unauthorized practice of law. After the Housing Court issued a judgment in favor of LAS, the defendant appealed, and we granted the defendant's application for direct appellate review. Because we conclude that the judge improperly denied the defendant's motion to dismiss based on LAS's unauthorized practice of law, we remand the case for consideration of the defendant's counterclaims related to the unauthorized practice of law.

*Facts and procedural history.* The defendant rented an apartment from High Rock Group in 1999. In June, 2001, a complaint was filed in the Housing Court seeking injunctive relief against

the defendant concerning, among other things, damage caused by the defendant's dog and access to the defendant's unit to carry out repairs. The complaint was written on a form provided by the Housing Court. The line asking for the name of the plaintiff was filled out as follows: "High Rock Group c/o LAS Collection [Management]." It was signed by LAS's owner, who put the word "agent" after her signature. The agent is not an attorney.

The defendant's answer included counterclaims for unauthorized practice of law; breach of the warranty of habitability; violation of the right to quiet enjoyment; defamation; abuse of process; and violation of G. L. c. 93A. The defendant also asked the court to dismiss the complaint, and sought damages and injunctive relief. In addition, the defendant filed a separate "motion to dismiss and, alternatively, summary judgment" on the ground that LAS was not the owner of the property and thus LAS's owner was engaging in the unauthorized practice of law by filing and signing the complaint.

Following a hearing, the judge issued a written ruling denying the defendant's motion to dismiss. The judge found that LAS had a contract with High Group to manage its property, which included the authority to pursue legal action against a tenant. Noting that the issue whether property managers could file complaints and engage in other legal activity in the Housing Court is very significant, she concluded that LAS, while not an owner, was a real party in interest pursuant to Mass. R. Civ. P. 17, 365 Mass. 763 (1974). She stated that there are many cases where landlords are not the legal owners of property. She also pointed out that agents are contained in the definitions of "owner" in the State Sanitary Code and the State Building Code, and stated that it would not be fair for LAS to be accountable under those State regulations but not be authorized to appear pro se as the plaintiff in this case.

At a proceeding[1] held in July, 2001, the property owner appeared as a witness. LAS's owner testified as a witness and cross-examined other witnesses. The judge issued an oral order concerning the relief requested in the complaint and ordered

---

[1]Although the judge used the term "trial," as discussed above, she considered only the request for injunctive relief and entered no final judgment; thus it was not a full trial.

that the case be dismissed. When the oral order was reduced to a written order, only the substantive relief was addressed; the case was not dismissed.[2] The defendant appealed to the Appeals Court, which dismissed the appeal as premature, stating that no judgment had entered pursuant to Mass. R. Civ. P. 58 (a), as amended, 371 Mass. 908 (1977); no separate judgment had entered pursuant to Mass R. Civ. P. 54 (b), 365 Mass. 820 (1974); it was unclear whether all the claims had been ruled on; and furthermore there were undecided counterclaims.

The defendant then filed a motion in the Housing Court stating that, as it pertained to LAS, there were no further claims to be decided and requesting that the Housing Court either report the issue to the Appeals Court or, alternatively, enter final judgment or schedule a trial. LAS filed a motion to issue judgment for the plaintiff and a motion to dismiss after judgment entered. After a hearing, a clerk-magistrate issued a judgment in favor of the plaintiff, but denied LAS's motion to dismiss. The defendant timely appealed. LAS did not file a brief in the Appeals Court or in this court.[3]

*Discussion.*[4] The defendant claims that the judge "erred in ruling that an agent is authorized to practice law . . . even though the agent is not licensed by the Commonwealth." We agree.

"Permission to practise law is within the exclusive cognizance of the judicial department." *Opinion of the Justices,* 289 Mass. 607, 613 (1935). Statutes may provide penalties for the unlicensed practice of law, but may not extend the privilege. *Lowell Bar Ass'n* v. *Loeb,* 315 Mass. 176, 179 (1943), and cases cited.[5] "Plainly the commencement and prosecution for another of legal proceedings in court, and the advocacy for

---

[2]The written order set conditions concerning the defendant's dog; provided the plaintiff with access to repair the apartment on twenty-four hours' notice; and ordered each party not to interfere with the quiet enjoyment of the other.

[3]As discussed in note 6, *infra,* the fact that LAS did not submit a brief limits the issues addressed in this opinion.

[4]We note that the defendant has since moved from the property, after a successful summary process action was brought against her. Although the case is now moot, we proceed to address it because of the significance of the issue raised and because of the defendant's counterclaims. See *Commonwealth* v. *Gomes,* 419 Mass. 630, 631 n.2 (1995) (within court's discretion to discuss issue of significant public importance and apparent uncertainty).

[5]General Laws c. 221, § 46, expressly prohibits a "corporation or associa-

another of a cause before a court . . . are reserved exclusively for members of the bar." *Id.* at 183. See *Opinion of the Justices, supra* at 612 ("practice of law [includes] the preparation of pleadings, process, and other papers incident [to a cause of action], and the management and trial of the action or proceeding on behalf of clients before judicial tribunals"). The purpose of the limitation is to protect the public. *Matter of the Shoe Mfrs. Protective Ass'n*, 295 Mass. 369, 372 (1936).

However, an individual who prosecutes his own action is not engaging in the practice of law. *Opinion of the Justices, supra* at 614-615. See G. L. c. 221, § 48. Legal claims can be assigned as long as the assignment is not created to conceal an illegal attempt to practice law. *Gill* v. *Richmond Coop Ass'n*, 309 Mass. 73, 76 (1941). Moreover, there are circumstances where the mere preparing of forms is not the practice of law. See, e.g., *Matter of Chimko*, 444 Mass. 743, 750 (2005) (preparation of debtor's reaffirmation agreement not practice of law); *Lowell Bar Ass'n* v. *Loeb, supra* at 186 (preparation of income tax returns "did not lie wholly within the . . . practice of law").

Here, there is no question that LAS's owner engaged in the practice of law. She filed a complaint for injunctive relief, signed the complaint as an agent of the property owner, managed the prosecution of the complaint, and cross-examined witnesses. See *Lowell Bar Ass'n* v. *Loeb, supra* at 183; *Opinion of the Justices, supra* at 612. The judge's reliance on definitions of "owner" in the State Sanitary Code and the State Building Code to conclude that LAS is a real party in interest was erroneous: no rights of LAS were involved in this case. LAS was not entitled to proceed pro se. Nor could LAS proceed on any other basis, because the judicial branch alone determines what constitutes the practice of law, *Opinion of the Justices, supra* at 613, and we have never held that an agent may practice law on

tion" from appearing in court without being represented by an attorney. See *Varney Enters., Inc.* v. *WMF, Inc.*, 402 Mass. 79, 81 (1988). General Laws c. 221, § 46A, expressly prohibits an "individual, other than a member, in good standing, of the bar of this commonwealth," from practicing law. The exception to this rule is the small claims procedure, G. L. c. 218, § 21. See *Varney Enters., Inc.* v. *WMF, Inc., supra* (discussing small claims standard permitting nonattorneys to assist litigants).

behalf of a principal.[6] See *Varney Enters., Inc.* v. *WMF, Inc.*, 402 Mass. 79 (1988) (corporate officer may not represent corporation in judicial proceeding). LAS engaged in the unauthorized practice of law. The judge erred in denying the defendant's motion to dismiss the complaint.[7]

*Conclusion.* For the reasons set forth above, we hold that a property agent who is not an attorney may not represent a property owner in a lawsuit in the Housing Court. The Housing Court judge erred in denying the defendant's motion to dismiss on the ground that LAS engaged in the unauthorized practice of law. The judgment for LAS is vacated and the complaint is dismissed. The case is remanded to the Housing Court for consideration of the defendant's counterclaims concerning the unauthorized practice of law (other than her request for injunctive relief, which is now moot).[8]

*So ordered.*

---

[6]As LAS did not appear or submit a brief, we have not been presented with any other basis to conclude that a property agent may represent a property owner in judicial proceedings. Other jurisdictions have held that agents may not act on behalf of landlords. See, e.g., *Cleveland Bar Ass'n* v. *Picklo*, 96 Ohio St. 3d 195, 196-197 (2002) (striking down statute that allowed property managers to conduct property owners' cases in courts as unauthorized practice of law).

Florida has taken a different approach, carving out an exception for property managers who obtain written permission from landlords to cover only the "completion, signing, and filing of the pleadings necessary to evict a tenant for nonpayment of rent" for both individual and corporate landlords. Florida Bar re Advisory Opinion — Nonlawyer Preparation of & Representation of Landlord in Uncontested Residential Evictions, 627 So. 2d 485, 487 (Fla. 1993) (clarifying court's previous approval of proposed advisory opinion of bar association). This particular contingency is not addressed or briefed in this case, and thus we leave it to another day. See *Bongaards* v. *Millen*, 440 Mass. 10, 28 (2003) (appellate courts should not reach out to decide issues that have not been briefed).

[7]There is nothing in the record indicating that High Rock Group is a corporation. Thus we cannot say whether the property owner could have filed suit pro se.

[8]We reject the defendant's request, raised for the first time on appeal, that we hold LAS in contempt of court, citing *Heiskell* v. *Mozie*, 82 F.2d 861, 863-864 (D.C. Cir. 1936) (affirming lower court contempt determination).

We also deny the defendant's request that we grant her attorney's fees and costs. The defendant has not provided any statutory or other basis to grant her request.