Kenton-Walker, Janet, J.
The defendants move the court to dismiss the complaint of the plaintiff, Frederick Hutchings (“plaintiff’), trustee of R A Realty Trust (“Trust”), which asserts six claims arising out of the defendants’ alleged wrongful conduct in cariying out their official duties.
The defendants first argue that the plaintiff may not represent the Trust pro se because he is not an attorney. The court agrees. While neither party cites any case explicitly addressing whether non-attorney trustees can or cannot litigate pro se on behalf of trusts, the Supreme Judicial Court has stated, “Plainly the commencement and prosecution for another of legal proceedings in court, and the advocacy for another of a cause before a court. . . are reserved exclusively for members of the bar. ” LAS Collection Mgt. v. Pagan, 447 Mass. 847, 849-50 (2006), quoting Lowell Bar Ass’n v. Loeb, 315 Mass. 176, 183 (1943). Additionally, the Court has held that pro se plaintiffs may not represent corporations injudicial proceedings (except regarding small claim matters). See Varney Enters., Inc. v. WMF, Inc., 402 Mass. 79, 82 (1988) (noting “well-established common law principle that corporations must appear and be represented in court, if at all, by attorneys”). Recently, the Court cautioned trustees appearing on behalf of trusts “against acting without an attorney in legal proceedings involving the real estate trusts.” Kitras v. Zoning Adm’r of Aquinnah, 453 Mass. 245, 250 n. 14 (2009) (noting trial judge did not reach issue of whether pro se trustee could represent trust where he dismissed case for other reasons).
Given this caselaw, and the plaintiffs failure to cite any authority supporting his assertion that he can represent the Trust pro se as a non-attorney, the court concludes that the plaintiffs claims must be dismissed.
Even if the plaintiff could represent the Trust in this action, however, his complaint fails to state claims upon which relief can be granted, as discussed below.[3]
The plaintiffs first count is based on an alleged violation of the Massachusetts Civil Rights Act (“MCRA”), G.L.c. 12, §§11H and I. This claim fails because the plaintiff does not allege any of the defendants used the iype of “threats, intimidation or coercion” required to illegally deprive the Trust of its due process rights. G.L.c. 12, §11H (outlining violative conduct). The plaintiff claims several of the defendants threatened to shut off water to the Trust’s rental properties, but this type of threat is not a violation of G.L.c. 12, §11H. See Planned Parenthood League of Mass., Inc. v. Blake, 417 Mass. 467, 474 (1994) (defining “threats” as “the intentional exertion of pressure to make another fearful or apprehensive of injury or harm”).
Even were the plaintiffs allegations sufficient to state a claim for relief under the MCRA, his claim would be barred by claim preclusion. By a Memorandum and Order on Motion to Dismiss dated Februaiy 27, 2009, Judge Saylor of the United States District Court for the District of Massachusetts dismissed, pursuant to Fed.R.Civ.P. 12(b)(6), the plaintiffs MCRA claims brought in federal court. The claims in both actions — the federal action and the action presently before the court — were asserted against the same defendants and arose out of the same factual allegations.[4] Judge Saylor’s dismissal therefore precludes the plaintiff from now maintaining his MCRA claim. See Gloucester Marine Rys. Corp. v. Charles Parisi, Inc., 36 Mass.App.Ct. 386, 390 (1994) (claim preclusion requires “(1) the identity or privity of the parties to the present and prior actions; (2) identity of the cause of action; and (3) prior final judgment on the merits”); see also Bagley v. Moxley, 407 Mass. 633, 637 (1990) (dismissal with prejudice considered adjudication on the merits for purposes of res judicata).
The second count for negligence fails for several reasons. First, the complaint does not assert the plaintiff complied with the presentment requirement of the Massachusetts Tort Claims Act (“MTCA”). While the plaintiff sent numerous letters to Gerald E. St. Hilaire (“St. Hilaire”), former mayor of the City of Gardner (“City”), see G.L.c. 258, §4 (presentment to mayor sufficient), these letters merely outlined the plaintiffs numerous disputes with the City’s handling of various issues. The complaint does not allege that any of the letters “presented his [negligence] claim in writing” to St. Hilaire. G.L.c. 258, §4. Strict compliance *405 with the presentment requirement is required, and “a presentment letter should be precise in identifying the legal basis of a plaintiffs claim.”[5] See Gilmore v. Commonwealth, 417 Mass. 718, 721, 723 (1994); see also Berube v. Northampton, 413 Mass. 635, 637 n.3 (1992) (constructive notice of claim not sufficient where “actual presentment to the designated executive officer is required”).
Second, the MTCA bars the plaintiffs negligence claim against the individual defendants sued in their official capacities. See G.L.c. 258, §2 (public employee not liable for negligent or wrongful conduct committed within scope of employment). Additionally, the complaint fails to plead any duty the individual defendants owed to the Trust as citizens acting outside their official capacities.
Third, at least as to the liability of the City for the individual defendants’ negligence in allegedly failing to enforce the health code, there is nothing in the complaint’s asserted facts to indicate the individual defendants breached any duty to enforce the health code. Indeed, the complaint suggests the defendants were in fact enforcing the health code against the Trust’s violations at its rental properties.
As pleaded, the plaintiffs third and sixth counts, malfeasance (i.e., misfeasance) and nonfeasance, respectively, are theories of how the defendants acted negligently, rather than being distinct legal claims.[6] See Narine v. Powers, 400 Mass. 343, 346-47 (1987) (defining misfeasance as “negligent or improper doing of an act” and nonfeasance as “negligent failure or omission to act”), citing Trum v. Paxton, 329 Mass. 434, 438 (1952). As such, they are subject to the court’s analysis of the plaintiffs negligence claim, discussed above.
The fourth count is for intentional interference with business relations. Based on the plaintiffs allegations, the count could be treated as a claim for either intentional interference with contractual relations or intentional interference with advantageous relations. The distinction is unimportant, however, because the plaintiff does not allege the contracts or advantageous relations were in fact terminated, a required element of both legal claims. See Buster v. George W. Moore, Inc., 438 Mass. 635, 652 (2003) (intentional interference with advantageous relations requires defendant to induce third party into not continuing business relationship with plaintiff); G.S. Enters., Inc. v. Falmouth Marine, Inc., 410 Mass. 262, 272 (1991) (interference with contractual relations requires defendant to induce third party into breaking contract). The plaintiff fails to assert the tenants of the Trust’s rental properties broke the leases they had with the Trust as a result of the defendants’ actions. He also fails to assert Monadnock Disposal Service, Inc. (“Monadnock”) terminated its contract or business relationship with the Trust. In fact, the complaint alleges Monadnock entered into a second contract with the Trust after the defendants’ refusal to grant one trash fee abatement request.
Finally, the plaintiffs fifth count for abuse of the legal process fails, as the plaintiff alleges the defendants misused the process by which they are meant to carry out their official duties, not the legal process.[7] See, e.g., Beecy v. Pucciarelli, 387 Mass. 589, 595-96 (1982) (initiation of collection action); Carroll v. Gillespie, 14 Mass.App.Ct. 12, 26 (1982) (initiation of criminal complaints); Restatement (Second) of Torts §682 cmt. a, ill. 1 (1977) (issuance of capias).
In their motion to dismiss, the defendants ask the court to issue sanctions against the plaintiff and to award them costs and fees based on the plaintiffs frivolous complaint. Given the plaintiffs pro se status, the court declines to address whether his claims are frivolous. See G.L.c. 231, §6F (discussing claims “made by any party who was represented by counsel during most or all of the proceeding” (emphasis added)); see also O’Leary v. Nepomuceno, 44 Mass.App.Ct. 683, 686 (1998) (citing G.L.c. 231, §6F, and stating “the pro se status of the plaintiffs may well preclude any such award”).
The defendants, in their memorandum in support of the motion to dismiss, also request injunctive relief to make it more difficult for the plaintiff to continue to file what they characterize as frivolous actions, which have forced the City to expend substantial time and money in response. While the court is sympathetic to the City’s predicament, it is not convinced that interfering with the plaintiffs constitutional right of access to the courts is appropriate given the brief treatment the issue received in the defendants’ papers and at the hearing on the motion to dismiss.
Based on the foregoing, it is hereby ORDERED that the defendants’ motion to dismiss be ALLOWED as to all counts of the plaintiffs complaint; DENIED as to the defendants’ request for sanctions, costs, and fees; and DENIED as to the defendants’ request for injunctive relief.

The plaintiff fails to allege any facts involving the ten unnamed John Doe defendants. The complaint must therefore be dismissed against those defendants.

The addition of Richard Reynolds (“Reynolds”) as a defendant in the current action does not change the application of claim preclusion to the MCRA claim, because the complaint does not allege that Reynolds undertook any threatening, intimidating, or coercive actions against the plaintiff.

Nor does the plaintiffs pro se status give him “ ‘a license not to comply with relevant rules of procedural and substantive law’ ... A pro se litigant is bound by the same rules of procedure as litigants with counsel.” International Fid. Ins. *406 Co. v. Wilson, 387 Mass. 841, 847 (1983), quoting Faretta v. California, 422 U.S. 806, 834 n.46 (1975).

The claims speak of the defendants’ duties and their failure to cany them out or misconduct in carrying them out.

The court also notes the MTCA would preclude the plaintiffs assertion of his intentional tort claims (intentional interference with business relations and abuse of process) against both the City, see G.L.c. 258, §10(c) (precluding public employer liability for employee’s intentional torts), and the individual defendants acting in their official capacities, see Saxonis v. Lynn, 62 Mass.App.Ct. 916, 918 (2004) (stating public employee sued in official capacity for intentional tort immune under G.L.c. 258, §10(c)), rev. denied, 443 Mass. 1104 (2005), cert. denied, 546 U.S. 819 (2005); Howcroft v. Peabody, 51 Mass.App.Ct. 573, 596 (2001) (affirming dismissal, under G.L.c. 258, § 10(c), of intentional infliction of emotional distress claim against public employees sued in official capacity).