Ricciardone, David, J.
Mr. Howard Pease, who is not a member of the bar, has evidently decided to discharge the plaintiffs counsel and filed his own “Notice of Appearance” (P.#21) together with a “Withdrawal of Appearance”[1] by the attorney, Stephen J. Kenney, Esq. The pro se trustee now wishes to argue a Motion to Vacate this court’s preliminary injunction. (P.#22.)
Previously, Attorney Kenney was served a Motion to Dismiss and in response served an opposition thereto, and this motion is awaiting hearing. (P.#16.)
Mr. Pease’s actions purporting to represent not only himself, but the Trust, and apparently, the interests of his neighbors (see affidavits attached as Exhibit H to Motion to Vacate), constitute an unauthorized practice of law which the court must not abide regardless of the defendants’ position, or lack thereof, with regard to this issue. See, LAS Collection Management v. Pagan, 447 Mass. 847 (2006).
“Permission to practice law is within the exclusive cognizance of the judicial department.” Opinion of the Justices, 289 Mass. 607, 613 (1935). Statutes may provide penalties for the unlicensed practice of law, but may not extend the privilege. Lowell Bar Ass’n v. Loeb, 315 Mass. 176, 179, (1943), and cases cited. “Plainly the commencement and prosecution for another of legal proceedings in court, and the advocacy for another of a cause before a court . . . are reserved exclusively for members of the bar.” Id. at 183. See Opinion of the Justices, supra at 612 (“practice of law [includes] the preparation of pleadings, process, and other papers incident [to a cause of action], and the management and trial of the action or proceeding on behalf of clients before judicial tribunals”). The purpose of the limitation is to protect the public. Matter of the Shoe Mfrs. Protective Ass’n, 295 Mass. 369, 372 (1936).
Id. at 849-50. Specifically with regard to the issue of whether a non-attorney trustee may represent a trust, I adopt the reasoning espoused by this court (Kenton-Walker, J.) in Hutchings v. Gardner, 2010 WL 653968 (Mass. Super. 2010) [26 Mass. L. Rptr. 404], expressly prohibiting same (citing Kitras v. Zoning Adm’r of Aquinnah, 453 Mass. 245, 250, n.14 (2009)). Accordingly, the court issues the following.
ORDER
Mr. Pease’s “Notice of Appearance” is stricken.
Stephen J. Kenney, Esq.’s “Withdrawal of Appearance” is also stricken without prejudice for him to file: a motion to withdraw served pursuant to Rule 9A or a withdrawal of appearance accompanied by notice of appearance of successor counsel.

 No specific docket entry number has been assigned to this filing as of this date.