Lauriat, Peter M., J.
The Commonwealth brought this action against the defendants, Shirley Bragel, Bragel Associates, Bridgeview Realty Trust, and George A. Bragel (collectively “the Bragels”), alleging violations of G.L.c. 151B, §4(7B) (Count I) and G.L.c. 93A, §2 (Count II). The Commonwealth asserts that Shirley Bragel, in her capacity as an agent of Bragel Associates, made discriminatoiy statements to a prospective tenant of one of the Bragel’s rental housing units with respect to the prospective tenant’s status as a recipient of a federal housing subsidy voucher (“Section 8 voucher”). The Bragels have now moved to dismiss the Commonwealth’s complaint. For the following reasons, the defendants’ motion to dismiss is denied as to Count I and allowed as to Count II.
BACKGROUND
The Commonwealth alleges in its complaint that a prospective tenant, Nicole Corréale, spoke with Shirley Bragel multiple times about renting a unit owned by the Bragels. Shirley and George Bragel own several rental housing units together as Bragel Associates. The particular unit Ms. Corréale was interested in was *694 owned by the Bridgeview Realty Trust, of which George Bragel is the trustee and Shirley Bragel is the beneficiary. During their discussions, Ms. Corréale eventually disclosed to Shirley Bragel that she was a Section 8 voucher recipient. The complaint alleges that Ms. Corréale, through her real estate agent, attempted to rent the property, but that Shirley Bragel made statements indicating that she did not want to rent to “those type of people,” did not want “those kind” in her building, and that if she rented to one Section 8 tenant, she would have to rent all of her units to Section 8 tenants.
Ms. Corréale thereafter filed a housing discrimination complaint with the Massachusetts Commission Against Discrimination (“MCAD”), alleging that the Bragels discriminated against her based on her status as a recipient of public assistance. On September 26, 2011, the MCAD issued a split decision finding probable cause that the Bragels violated G.L.c. 15IB, §4(7B). The Bragels elected a judicial determination on the matter, and the Commonwealth filed its complaint on March 2, 2012.
DISCUSSION
The Bragels have now moved to dismiss the Commonwealth’s complaint against them. The court will accept as true all of the well-pleaded allegations of the complaint. Berish v. Bornstein, 437 Mass. 252, 267 (2002). To withstand a motion to dismiss, a plaintiffs complaint must contain “allegations plausibly suggesting (not merely consistent with) an entitlement to relief, in order to reflect [a] threshold requirement . . . that the plain statement possess enough heft to sho[w] that the pleader is entitled to relief.” lannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008), quoting Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1966 (2007) (quotations omitted). Furthermore, a motion to dismiss is viewed in the light most favorable to the non-moving party. Blank v. Chelms-ford OB/GYN, P.C., 420 Mass. 404, 407 (1995). While a complaint need not set forth detailed factual statements, a plaintiff is required to present more than labels and conclusions, and must raise a right to relief “above the speculative level . . . [based] on the assumption that all the allegations in the complaint are true (even if doubtful in fact).” lannacchino, 451 Mass, at 636. See also Harvard Crimson, Inc. v. President & Fellows of Harvard Coll., 455 Mass. 745, 749 (2006).
I. Count I
Under G.L.c. 151B, §4(7B), it is unlawful for any person “to make, print, or publish, or cause to be made, printed, or published any notice, statement or advertisement, with respect to the sale or rental of multiple dwelling . . . housing accommodations that indicates any preference, limitation, or discrimination based on . . . public assistance recipiency . . . except where otherwise legally permitted.” The Commonwealth’s complaint specifically alleges that Shirley Bragel made statements of a discriminatory nature with respect to Ms. Correale’s receipt of public assistance when Ms. Corréale inquired about renting a housing unit from the Bragels. In their motion to dismiss, the Bragels vehemently deny that Shirley Bragel made any such discriminatory statements to Ms. Corréale. However, at this stage of litigation, it is sufficient that the Commonwealth has made plausible factual allegations that suggest a violation of G.L.c. 151B, §4(7B). The Bragels’ contrary description of the incident cannot form the basis for granting a motion to dismiss. Accordingly, the Bragels’ motion to dismiss Count I of the complaint must be denied.
II. Count II
General Laws c. 93A, §2 makes unlawful any “unfair or deceptive acts or practices in the conduct of any trade or commerce.” The Attorney General is empowered to seek a temporary restraining order or injunction to restrain the use of unfair or deceptive business practices under G.L.c. 93A, §4. Under 940 Code Mass. Regs. §3.16(3), a practice may be unfair or deceptive under G.L.c. 93A if “[i]t fails to comply with existing statutes, rules, regulations or laws, meant for the protection of the public's health, safety, or welfare.” Because the language of 940 Code Mass. Regs. §3.16(3) is incredibly broad, whether an action may be considered unfair or deceptive “is best discerned ‘from the circumstances of each case.’ ” Klairmont v. Gainsboro Restaurant, Inc., 465 Mass. 165, 174 (2013), quoting Kattar v. Demoulas, 433 Mass. 1, 14 (2000).
“If any person invades a consumer’s legally protected interests, and if that invasion causes the consumer a loss—whether that loss be economic or noneconomic—the consumer is entitled to redress under our consumer protection statute. A consumer is not, however, entitled to redress under G.L.c. 93A, where no loss has occurred.” Hershenow v. Enterprise Rent-A-Car Co. of Boston, 445 Mass. 790, 802 (2006). A loss need not be established in terms of quantifiable damages, however a consumer must prove causation—"that the defendant’s unfair or deceptive act caused an adverse consequence or loss." Rhodes v. AIG Domestic Claims, Inc., 461 Mass. 486, 496 (2012).
Here, the complaint states the elements of G.L.c. 93A insofar as it alleges that the Bragels are engaged in trade or commerce, that Shirley Bragel made an unfair or deceptive discriminatoiy statement, and that the discriminatoiy statements “failed to comply with existing statutes, rules, regulations, or laws mean to protect the public’s health, safety, or welfare.” However, the Commonwealth fails to allege what loss—economic or noneconomic—Ms. Corréale suffered based on Shirley Bragel’s statements. Rather, the complaint merely states that “Ms. Corréale and her children suffered, and continue to suffer, economic and emotional harm.” Such a statement is the prototypical recital of conclusions and labels that cannot amount to a plausible suggestion of an entitlement to relief. *695 See Iannacchino, 451 Mass, at 636. Without more, the harm alleged is entirely speculative. Accordingly, the Bragels’ motion to dismiss as to Count II must be allowed.
HI. Pro Se Representation of Bridgeview Really Trust
The court must independently consider whether George Bragel as trustee of Bridgeview Realty Trust may represent the trust as a pro se litigant. An individual who represents his own interests is not engaged in the practice of law, however advocating for the interests of another must be done by a member of the bar. LAS Collection Management v. Pagan, 447 Mass. 847, 849-50 (2006). The SJC has specifically cautioned against pro se representation by a trustee of a real estate trust where the non-attorney trustee is attempting to represent the beneficiaries’ interests. Kitras v. Zoning Administrator of Aquinnah, 453 Mass. 245, 250 n.14 (2009).
Here, George Bragel as trustee of Bridgeview Realty Trust would be representing the interests of a beneficiary rather than representing himself in an individual capacity. Accordingly, George Bragel, as a non-attorney, cannot represent Bridgeview Realty Trust, and Bridgeview Realty Trust must secure counsel forthwith.
ORDER
For the foregoing reasons, the Defendants’ Motion to Dismiss Plaintiffs Complaint for Declaratory Relief and Injunctive Relief as Groundless is DENIED as to Count I and ALLOWED as to Count II.