NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-12373


RENTAL PROPERTY MANAGEMENT SERVICES & another[1]  vs.
LORETTA HATCHER.



Hampden.     January 8, 2018. - May 15, 2018.

Present:  Gants, C.J., Lowy, Budd, Cypher, & Kafker, JJ.


Unauthorized Practice of Law.  Summary Process.  Practice,
     Civil, Summary process, Standing.  Jurisdiction, Summary
     process, Housing Court.  Housing Court, Jurisdiction.
     Consumer Protection Act, Unfair or deceptive act.




     Summary process.  Complaint filed in the Western Division
of the Housing Court Department on March 24, 2016.

     A motion for partial summary judgment was heard by Dina E.
Fein, J., and entry of final judgment was ordered by her.

     The Supreme Judicial Court granted an application for
direct appellate review.


     Joel Feldman for the defendant.
     Stanley D. Komack (John B. Stewart & Jason R. Ferenc also
present) for the plaintiffs.
     Patricia Whiting & Andrea Moon Park, for Harvard Legal Aid
Bureau & another, amici curiae, submitted a brief.
     Joshua M. Daniels & Richard M.W. Bauer, for National
Consumer Law Center & another, amici curiae, submitted a brief.

_____

     [1] Fred Basile.

GANTS, C.J.   In 2016, Fred Basile, a property manager, brought a summary process action in the Housing Court in the name of his sole proprietorship, seeking to evict a tenant from a property for which he was neither the owner nor the lessor. Basile claimed that he was the manager for the property, and was acting as the agent of the owner when he filed the summary process complaint.

We hold that Basile had no standing to bring a summary process action in his name, where he was not the owner or lessor of the property.  We also hold that, to the extent that he was acting on behalf of the true owner of the property when he filed the complaint, his conduct constituted the unauthorized practice of law because he was not an attorney.

We further declare that, where the plaintiff in a summary process action is neither the owner nor the lessor of the property, the court must dismiss the complaint with prejudice for lack of subject matter jurisdiction, regardless of whether a motion to dismiss has been presented by the defendant.  Where the plaintiff is the true owner or lessor, but the complaint has been signed and filed by another person who is not an attorney, the court may either immediately dismiss the complaint without prejudice based on the unauthorized practice of law, or order that the complaint shall be dismissed on a designated date

unless the plaintiff before that date retains counsel or proceeds pro se, and amends the complaint accordingly.

Finally, we hold that such conduct is not enough, on its own, to constitute an unfair or deceptive practice in violation of G. L. c. 93A.  However, where a plaintiff seeks to evict a tenant without the standing to do so, or where a person who is not authorized to practice law signs and files a summary process complaint -- and where that conduct is not inadvertent but by design, or part of a pattern or practice -- we hold that a court has the inherent authority, in the exercise of its sound discretion, to impose appropriate sanctions, including attorney's fees and other costs, in order to ensure the fair administration of justice and to deter such conduct in the future.[2]

Background.  In January, 2016, Basile issued a notice to quit to Loretta Hatcher, informing her that she must leave the premises she was renting in Springfield by March 31, 2016, "or we will go to court and seek permission to evict you."  In the notice to quit, Basile described himself as the "property manager" and "agent for Andrew Arvanitis," an owner of the property.

---

[2] We acknowledge the amicus briefs submitted by the National Consumer Law Center and the Volunteer Lawyers Project, and by the Harvard Legal Aid Bureau and the Massachusetts Law Reform Institute.

On March 21, 2016, ten days before the deadline given in the notice to quit, Basile filed a summary process complaint in the Western Division of the Housing Court Department to evict Hatcher. The complaint was written on a form provided by the Housing Court. Where the form asked for the name of the "PLAINTIFF/LANDLORD/OWNER," Basile wrote the name of his sole proprietorship: "Rental Property Management Services." Where the complaint asked for the name and signature of the "Plaintiff or Attorney," Basile printed and signed his own name. Arvanitis's name was not included anywhere in the complaint.

In her answer to Basile's complaint, Hatcher brought various affirmative defenses, including defenses asserting that Basile is not the owner or lessor of the property and therefore has no legal right to possession, and that Basile is engaged in the unauthorized practice of law by representing the property owner in this case. She also brought various counterclaims, including a counterclaim that Basile, by "portraying himself as having the legal authority to initiate and prosecute an eviction proceeding against [Hatcher]," engaged in unfair and deceptive practices in violation of G. L. c. 93A.

In answer to Hatcher's interrogatories and request for admissions, Basile admitted that he is neither the owner nor the lessor of the property, and is not an attorney. He stated that he was orally directed by the owner to serve the tenant with the

notice to quit and the summary process summons and complaint. He identified the owners of the property as Andrew Arvanitis and "Kathleen Stevens-Arvanitis, as trustee." In a separate summary process action Basile brought against another tenant, Shavonna Williams, Basile admitted in answer to a request for admissions that, since 2007, he has initiated over ninety summary process cases in his own name or in the name of Rental Property Management Services, in each case seeking to evict tenants from properties that he does not own. He also admitted that he was aware that a property agent who is not an attorney may not represent a property owner in a lawsuit in the Housing Court, but stated that he and others had been allowed to do so "by the Western Division [of the] Housing Court, [m]ediators, [a]ssistant [c]lerks and also [l]egal [a]id."

Hatcher moved for partial summary judgment on her c. 93A counterclaims, arguing that by commencing a summary process action against her when he was neither the owner nor the lessor of the property, and was not an attorney, he had committed an unfair and deceptive practice in violation of c. 93A. Williams brought a similar motion, based on the same conduct by Basile, and both motions were argued in the same hearing. Although the cases were not consolidated, the judge ruled on both motions in a single order.

The judge found that it was undisputed that Basile was not the owner or lessor of the properties at issue, and therefore both cases were subject to dismissal. The judge enjoined Basile from "initiating summary process cases in his own name or the name of his company . . . with respect to tenancies in which he neither owns the rental property in question nor is identified as the 'landlord' or 'lessor' in the applicable rental agreement." The judge ordered that any future cases Basile brought in violation of that order would be "subject to immediate dismissal."

However, the judge denied the tenants' motions for partial summary judgment and entered judgment in favor of Basile on the tenants' c. 93A counterclaims. The judge noted that a property manager may initiate and prosecute a case in his or her own name if he or she is the owner or lessor of the property, and that a substantial percentage of landlords in the Housing Court are self-represented. The judge found that "it is not the 'policy' of this court" to permit property managers to act as plaintiffs where they are neither the owners nor the lessors of the property, but "[a]s a practical matter, . . . it is beyond the capacity of the court to ferret out" such violations "in cases where no one is raising them, even were it an appropriate role for the court to do so." The judge added that it was not appropriate for the court to assume that those defendants who

could claim such a violation "would necessarily and invariably choose to make" such a claim. Instead, the court "relies on the adversary process to manage [these] issues, responding when they are affirmatively raised for determination, typically by requiring counsel to appear for the property manager." The judge found that there was nothing in the record to support the tenant's allegation that Basile was "'gaming' the system," that is, "initiating and prosecuting summary process cases unless he gets 'caught,' in which case he redresses his own unlawful behavior by obtaining representation." "It is simply unfair," the judge concluded, "to sanction Basile for doing that which the court -- albeit passively -- and the adversary process permitted him to do in some, if not all, cases."

Hatcher subsequently stipulated to the dismissal of all her counterclaims other than that part of her c. 93A counterclaim that alleged that Basile portrayed himself as having the legal authority to initiate and prosecute the eviction action.[3] As to that part of her counterclaim, she stipulated to the entry of judgment so that she could "more expeditiously" appeal from the judge's ruling on that counterclaim. The judge entered final judgment in accordance with the stipulation. Hatcher now

---

[3] Loretta Hatcher had earlier entered into an agreement with Andrew Arvanitis and Kathleen Stevens-Arvanitis that allowed her to retain possession of her apartment, and provided for reasonable attorney's fees to be paid to her attorney.

appeals from the denial of her motion for partial summary judgment and the entry of partial summary judgment in favor of Basile.[4]  We granted her application for direct appellate review.

Discussion.  1.  Standing to bring summary process action. A plaintiff may bring a summary process action to evict a tenant and recover possession of his or her property only if the plaintiff is the owner or lessor of the property.  See G. L. c. 239, § 1 ("the person entitled to the land or tenements may recover possession" through summary process action).

Where, as here, the plaintiff is neither the owner nor the lessor of the property, the plaintiff has no standing to bring a summary process action.  See Ratner v. Hogan, 251 Mass. 163, 165 (1925) ("To recover . . . possession [through summary process], it is essential that there should be proof of the relation of lessor and lessee, or of landlord and tenant, between the plaintiff and defendant . . .").  See also Cummings v. Wajda, 325 Mass. 242, 243 (1950) ("Summary process is a purely statutory procedure and can be maintained only in the instances specifically provided for in the statute").  And where the

---

[4] Basile argues that, by stipulating to the entry of judgment, Hatcher has waived her right to appeal from the judge's entry of partial summary judgment on the G. L. c. 93A counterclaim.  Where the stipulation expressly declares that it was entered into to permit Hatcher "more expeditiously" to appeal from the judge's ruling, we decline to find such a waiver.

plaintiff lacks standing to bring an action, the court lacks jurisdiction of the subject matter and must therefore dismiss the action. HSBC Bank USA, N.A. v. Matt, 464 Mass. 193, 199 (2013) (HSBC).

In addition, whenever a problem of subject matter jurisdiction becomes apparent to a court, the court has "both the power and the obligation" to resolve it, "regardless [of] whether the issue is raised by the parties." Id., quoting Nature Church v. Assessors of Belchertown, 384 Mass. 811, 812 (1981). See Mass. R. Civ. P. 12 (h) (3), 365 Mass. 754 (1974) ("Whenever it appears by suggestion of a party or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action" [emphasis added]). "Subject matter jurisdiction cannot be conferred by consent, conduct or waiver." Litton Business Sys., Inc. v. Commissioner of Revenue, 383 Mass. 619, 622 (1981).[5]

---

[5] The obligation to dismiss for lack of subject matter jurisdiction established in Mass. R. Civ. P. 12 (h) (3) is not inconsistent with the Uniform Summary Process Rules and therefore applies to summary process actions. See Rule 1 of the Uniform Summary Process Rules (1980) (summary process actions governed by Massachusetts Rules of Civil Procedure to extent they are "not inconsistent" with Uniform Summary Process Rules). Cf. ROPT Ltd. Partnership v. Katin, 431 Mass. 601, 607 (2000) (under Mass. R. Civ. P. 12 [b] [1], 365 Mass. 754 [1974], party to summary process action "has the right to raise subject matter jurisdiction at any time").

We therefore hold that, whenever it becomes apparent to a court in a summary process action that a plaintiff may not be the owner or lessor of the property at issue, the court is obligated to inquire into the plaintiff's standing and, if it determines that the plaintiff lacks standing, it must dismiss the action for lack of subject matter jurisdiction, regardless of whether any party raises an issue of standing. See HSBC, 464 Mass. at 199-200; Mass. R. Civ. P. 12 (h) (3). Although dismissals for lack of subject matter jurisdiction are ordinarily without prejudice because they typically do not involve an adjudication on the merits, in cases where a lack of standing is also fatal to the merits of the plaintiff's claim, as here, dismissal must be with prejudice. See Abate v. Fremont Inv. & Loan, 470 Mass. 821, 828, 836 (2015) (dismissal with prejudice appropriate in try title action where determination of standing "effectively negate[d] the merits of [plaintiff's] claim"). Where the complaint is dismissed with prejudice for lack of subject matter jurisdiction, the plaintiff cannot file a new summary process complaint against the tenant unless he or she subsequently becomes the owner or lessor of the property. However, nothing would bar the true owner or lessor of the property from filing a new complaint.

We recognize, as the judge did, that a plaintiff's lack of standing will not be apparent on the face of the complaint

where, as here, a property manager is identified as the "PLAINTIFF/LANDLORD/OWNER." Unless it becomes apparent that a plaintiff may not be the owner or lessor of the property, we do not mandate that a judge or court staff take affirmative steps to "ferret out" whether the named plaintiff has standing to bring the summary process action. However, we note that revisions to the summary process complaint form could be made that would help to prevent standing issues. For example, the form could in some fashion require the person signing the complaint to certify that the plaintiff is the owner or lessor of the property and that the signatory is either the individual owner or lessor, or an attorney for the owner or lessor.

2. Unauthorized practice of law. Where the named plaintiff is neither the owner nor the lessor of the property, it is legally irrelevant whether the plaintiff is the agent or attorney of the owner or lessor, or whether the plaintiff has obtained the express approval of the owner or lessor to bring the action in the plaintiff's name. Only a person entitled to the property as owner or lessor may bring an action to recover possession of that property. See G. L. c. 239, § 1. A separate legal issue is raised where, unlike here, the named plaintiff is the owner or lessor of the property, but the person who signs the summary process summons and complaint is neither the individual owner or lessor nor his or her attorney.

This was the situation presented in LAS Collection Mgt. v. Pagan, 447 Mass. 847 (2006) (LAS). In that case, a property management agent, LAS Collection Management (LAS), filed a complaint in the Housing Court on behalf of the property owner, High Rock Group, seeking injunctive relief against the defendant tenant. Id. at 847. The plaintiff was identified in the complaint as "High Rock Group c/o LAS Collection [Management]," and the complaint was signed by the owner of LAS, who added the word "agent" to her signature. Id. at 848. The agent was not an attorney. Id. The defendant filed an answer that included counterclaims for the unauthorized practice of law and violation of c. 93A, and separately moved to dismiss the complaint, arguing that, where LAS was not the owner of the property, the agent engaged in the unauthorized practice of law by signing and filing the complaint on behalf of High Rock Group. Id. The judge denied the motion to dismiss, and we concluded that the judge erred in doing so, holding that "a property agent who is not an attorney may not represent a property owner in a lawsuit in the Housing Court." Id. at 851.

By ruling that the motion to dismiss should have been allowed, we essentially concluded that the property agent engaged in the unauthorized practice of law by signing and

filing the complaint as an agent of the property owner.[6]

Consequently, even if Basile had identified the true owner of the property in the summary process complaint, his act of signing the complaint as the "Plaintiff or Attorney" and then filing the complaint would have been sufficient to warrant dismissal based on the unauthorized practice of law.

To be clear, nothing precludes an individual who is the owner or lessor of the property from signing and filing a summary process complaint himself or herself, regardless of whether he or she is an attorney.  See G. L. c. 221, § 48 ("Parties may manage, prosecute or defend their own suits personally . . ."); Opinion of the Justices, 289 Mass. 607, 614-615 (1935), abrogated on other grounds by Real Estate Bar Ass'n for Mass., Inc. v. National Real Estate Info. Servs., 459 Mass. 512 (2011) (Real Estate Bar Ass'n) ("Individuals have been

---

[6] The agent in LAS Collection Mgt. v. Pagan, 447 Mass. 847, 848, 850 (2006) (LAS), not only filed and signed the complaint as an agent of the property owner but also "managed the prosecution of the complaint[] and cross-examined witnesses" at an evidentiary hearing.  Basile contends that, because the agent in LAS did more than sign the complaint, our ruling in that case was not that an agent engages in the unauthorized practice of law by signing and filing the complaint alone, but that proof is required that the agent also managed the prosecution of the complaint and represented the property owner at a court proceeding.  We disagree; by concluding that the judge erred in denying the motion to dismiss, which was decided early in the litigation, we effectively ruled that the signing and filing of the complaint was enough to constitute the unauthorized practice of law.

permitted to manage, prosecute or defend their own actions, suits, and proceedings, . . . and this does not constitute the practice of law").[7,8]  But where an individual plaintiff asks

_____

[7] A corporation, however, may only be represented in court by an attorney, except in small claims court.  See Varney Enters., Inc. v. WMF, Inc., 402 Mass. 79, 82 (1988) (recognizing "the well-established common law principle that corporations must appear and be represented in court, if at all, by attorneys").

[8] We also recognize that nonattorneys may assist litigants in various ways without engaging in the unauthorized practice of law.  Paralegals who are not attorneys may, with appropriate supervision, assist attorneys who themselves provide legal advice.  See Mass. R. Prof. C. 5.5 comment 2, as appearing in 471 Mass. 1452 (2015).  Nonattorneys may provide information to self-represented litigants to help them understand their legal rights.  They may also assist self-represented litigants in articulating the facts that are necessary to present the litigants' claims and defenses clearly, accurately, and comprehensively.  And they may help self-represented litigants navigate through a legal system the litigants may not adequately understand.  For instance, in the SAFEPLAN advocacy program established by the Massachusetts Office for Victim Assistance, nonattorneys help victims of domestic and sexual violence by informing them of their legal rights and options in civil and criminal court proceedings and assisting them in completing the requisite forms and applications.  See Massachusetts Office for Victim Assistance, Frequently Asked Questions About SAFEPLAN, http://www.mass.gov/mova/safeplan/faqs [https://perma.cc/8RN3-3MAB].  They may not provide legal advice, but they may provide a referral to an attorney where one is needed.  Id.

Moreover, the Massachusetts Trial Court, like the trial courts in some other States, provides walk-in court service centers at certain large court houses where nonattorneys "help people navigate the court system" by assisting with forms, providing information about court procedures, and answering questions about how the court works.  See Massachusetts Trial Court, Learn About Court Service Centers, https://www.mass.gov/service-details/learn-about-court-service-centers [https://perma.cc/5X4Q-QCHK].  See also Colorado Judicial Branch, Self-

another to sign and file his or her complaint, the person doing so must be an attorney; if a nonattorney were to sign and file the complaint on behalf of the plaintiff, the nonattorney would be engaging in the unauthorized practice of law and the complaint would be subject to dismissal on that ground.  See LAS, 447 Mass. at 851.

Where a summary process complaint is signed and filed by an individual who is neither the plaintiff nor the attorney, the complaint is subject to dismissal, not for lack of subject matter jurisdiction, but because the filing of such a complaint is the unauthorized practice of law, and dismissal may be the sanction necessary to fulfil our constitutional obligation to regulate the practice of law.  See Opinion of the Justices, 289 Mass. at 612 ("It is inherent in the judicial department of government under the Constitution to control the practice of the law . . .").  "Permission to practise law is within the exclusive cognizance of the judicial department."  Id. at 613.

---

Help, https://www.courts.state.co.us/Courts/District/Custom
.cfm?District_ID=14&Page_ID=471 [https://perma.cc/DC9G-2D53]
("Self-Represented Litigant Coordinators" assist
self-represented litigants, educating them about law and
procedures and helping with forms and paperwork); New York State
Unified Court System, Court Navigator Program, https://
www.nycourts.gov/courts/nyc/housing/rap.shtml [https://perma.cc
/2YLU-6XJP] (nonattorney "Court Navigators" assist
self-represented litigants in landlord-tenant and consumer debt
cases, helping with forms and paperwork and explaining what to
expect in court).

It is our responsibility both to determine what constitutes the practice of law and to determine the qualifications of those authorized to practice law.  Id. at 612.  See Lowell Bar Ass'n v. Loeb, 315 Mass. 176, 180 (1943).  "The purpose in limiting the practice of law to authorized members of the bar is . . . to protect the public welfare."  Real Estate Bar Ass'n, 459 Mass. at 517; Matter of the Shoe Mfrs. Protective Ass'n, 295 Mass. 369, 372 (1936).  And we can protect the public only if we can effectively prevent the unauthorized practice of law.

Thus, where a court learns that a person is engaged in the unauthorized practice of law, the court is obligated to take corrective action, regardless of whether the adverse party requests such action.  A court has no discretion to tolerate the unauthorized practice of law, and may not allow a person to engage in the unauthorized practice of law simply because the adverse party does not object.  A judge does have the discretion, however, to determine the appropriate remedy.  Specifically, where a summary process complaint has been signed and filed by a person who is not an attorney, such as a property agent, the judge may order immediate dismissal of the complaint, or order that the complaint be dismissed on a designated date unless the plaintiff before that date retains counsel or proceeds pro se, and amends the complaint accordingly.  Compare LAS, 447 Mass. at 851 (ordering dismissal of complaint where

property agent signed complaint by property owner), with <u>Varney</u> <u>Enters., Inc</u>. v. <u>WMF, Inc</u>., 402 Mass. 79, 82-83 (1988) (where corporation employee engaged in unauthorized practice of law by representing corporation in court, case remanded with instruction that default judgment against corporation be vacated if, within thirty days, attorney should appear and file answer on corporation's behalf). Any such dismissal would be without prejudice; the owner or lessor may file a new summary process complaint if the defect warranting dismissal is corrected.

In exercising this discretion, the judge should consider whether the unauthorized practice of law occurred by inadvertence or by design. We recognize that some small landlords may be unfamiliar with summary process procedures and may inadvertently cause a property agent to engage in the unauthorized practice of law because neither the landlord nor the agent knows any better. We also recognize that other landlords and property agents do know better, but may seek to "game the system," as was alleged but unproven here, by having an agent sign the summary process complaint and prosecute the action in the hope that the unauthorized practice of law will not be detected or that, even if it is, the landlord will then be given time to retain an attorney before the complaint is dismissed. For those in the latter category, only immediate dismissal will bring an end to this "game."

3. <u>G. L. c. 93A counterclaim</u>. In <u>LAS</u>, 447 Mass. at 851, we dismissed the property owner's complaint but remanded the case to the Housing Court to consider the tenant's counterclaims concerning the unauthorized practice of law, including the counterclaim alleging a violation of G. L. c. 93A. We did not decide in that case whether a tenant may prevail on a counterclaim under c. 93A based solely on the property agent's unauthorized practice of law. Here we must address that issue, and decide whether, based on the facts in this case, the judge erred in entering judgment in favor of Basile on Hatcher's c. 93A counterclaim.

A complainant bringing a claim under G. L. c. 93A, § 9, must establish that the defendant committed an "unfair or deceptive act[] or practice[] in the conduct of . . . trade or commerce." G. L. c. 93A, § 2 (<u>a</u>). Generally, litigation conduct alone is not a sufficient basis for a c. 93A claim. In <u>Morrison</u> v. <u>Toys "R" Us, Inc., Mass.</u>, 441 Mass. 451, 458 (2004), we held that a defendant could not be held liable under c. 93A for bad faith settlement practices, emphasizing that, with few exceptions,[9] c. 93A does not "establish an independent remedy for

_____

[9] By statute, litigation conduct can constitute a violation of G. L. c. 93A where the defendant is engaged in the business of insurance. G. L. c. 176D, § 3 (9) (insurer's unfair claim settlement practice is unfair or deceptive act or practice). And under our common law, we have recognized that litigation

unfair or deceptive dealings in the context of litigation." Id.
at 457. Here, the only alleged unfair or deceptive conduct was
Basile's act of signing and filing the summary process complaint
when he lacked standing and was not authorized to practice law.
Although Basile has admitted in a separate case that he has
filed numerous summary process complaints in his own name or in
the name of his business, Hatcher's c. 93A claim is predicated
only on Basile's conduct in this case.

In the context of summary process, we decline to interpret
c. 93A so broadly as to impose liability -- with the possibility
of multiple damages and attorney's fees -- for such conduct
alone. To do so would invite a c. 93A counterclaim whenever
there is a defect in a plaintiff's filing of a summary process
complaint due to lack of standing or the unauthorized practice

---

conduct may be the basis for a c. 93A claim where the defendant
who initiates a lawsuit "does not have probable cause to believe
the suit will succeed, and is acting primarily for a purpose
other than that of properly adjudicating his claims." G.S.
Enters., Inc. v. Falmouth Marine, Inc., 410 Mass. 262, 273, 277
(1991) (litigation conduct that could support claim for tortious
interference with contractual relations could also support
c. 93A claim). See, e.g., Refuse & Envtl. Sys., Inc. v.
Industrial Servs. of Am., Inc., 932 F.2d 37, 43 (1st Cir. 1991)
(litigation conduct that constituted abuse of process was also
unfair and deceptive practice under c. 93A). Hatcher's c. 93A
counterclaim does not fall within those exceptions. The judge
did not make a factual finding as to whether Basile knew that he
had no standing to bring the summary process complaint or knew
that he was engaging in the unauthorized practice of law. Nor
does Hatcher allege that Basile filed the complaint for a
purpose other than to seek her eviction.

of law, which, as we earlier noted, can arise in some cases from a landlord's mere inexperience with eviction cases rather than bad faith. We also note that the Attorney General's regulations interpreting c. 93A, which specify various unfair and deceptive practices in the landlord-tenant relationship, make no mention of litigation conduct, with the exception of 940 Code Mass. Regs. § 3.17(5)(b) (2014), which prohibits owners from "commenc[ing] summary process . . . before the time period designated in the notice to quit . . . has expired."[10] This omission is especially noteworthy given how comprehensive and detailed the regulations are in identifying unfair and deceptive practices in this context. See, e.g., 940 Code Mass. Regs. § 3.17(1)(a) (2014) (renting premises that are "unfit for human habitation"); 940 Code Mass. Regs. § 3.17(2)(a) (2014) (sending notice to tenant that appears or purports to be official or judicial document); 940 Code Mass. Regs. § 3.17(4)(a) (2014) (requiring excessive security deposit). We therefore agree with the judge that Basile's conduct in this case did not violate c. 93A.

We do not agree, however, that it would be "unfair to sanction Basile for doing that which the court -- albeit passively -- and the adversary process permitted him to do in

---

[10] Hatcher has not alleged that Basile committed a violation of G. L. c. 93A on this ground.

some, if not all, cases."  The fact that the court did not earlier put a stop to Basile's conduct, perhaps in the mistaken belief that the court could not or should not act sua sponte in the absence of a motion to dismiss, does not mean that it should continue to go unsanctioned.  As the judge recognized by enjoining the conduct, filing summary process complaints in a property manager's own name or in the name of his or her business seriously undermines the fairness of summary process and therefore threatens the administration of justice, especially where the vast majority of tenants in these cases are self-represented.[11]

Where the named plaintiff in a summary process action is not the true landlord, a self-represented tenant with viable defenses or counterclaims based on the landlord's misconduct or the poor condition of the premises will be unable to assert them against the plaintiff -- who is, of course, not the landlord -- without impleading the true landlord.  In effect, such conduct confers an unfair advantage on landlords, shielding them from tenants' potential defenses and counterclaims even where, for

---

[11] In the Housing Court in 2017, ninety-three per cent of tenants and thirty-three per cent of landlords in summary process cases were self-represented, as were sixty-nine per cent of litigants in all cases.  See Housing Court Department, Fiscal Year 2017 Statistics, http://www.mass.gov/courts/docs/courts-and-judges/courts/housing-court/2017-hc-self-represented-represented-litigants-by-court-location.pdf [https://perma.cc/T4R7-53J7].

example, the landlord has provided inadequate heat or allowed the premises to fall into uninhabitable disrepair.

Moreover, even where the tenant recognizes that the plaintiff is not the true landlord and successfully moves to dismiss the summary process action, the tenant suffers a distinct and identifiable harm by having to come to court to defend against a complaint that must be dismissed. Regardless of the underlying merits of the eviction, a summary process complaint brought by a plaintiff without standing is a groundless claim, and we have long recognized the harms often associated with having to defend against groundless claims, including the time and expense of defending a suit, emotional distress, and harm to reputation. See Millennium Equity Holdings, LLC v. Mahlowitz, 456 Mass. 627, 645 (2010) (abuse of process); Malone v. Belcher, 216 Mass. 209, 212 (1913) (malicious prosecution). Such harms can be especially serious where the unjustified litigation is a summary process action, where the consequences of an adverse judgment -- eviction and the loss of one's home -- are especially distressing, and where the mere record of an eviction proceeding can serve as a long-term barrier to a tenant when he or she seeks future housing, regardless of the legal outcome. See Desmond & Bell, Housing, Poverty, and the Law, 11 Ann. Rev. L. & Soc. Sci. 15, 19 (2015)

(even dismissed eviction actions can result in rejection of housing applications by landlords).

And in cases where the person who signs and files the summary process complaint is not an attorney, all parties are at risk of harm stemming from that unauthorized practice of law. As earlier stated, the purpose of our rule limiting the practice of law to attorneys is to protect the public.  See LAS, 447 Mass. at 850.  Attorneys are officers of the legal system who are subject to judicial oversight and "held to a high standard of honor and of ethical conduct."  Lowell Bar Ass'n, 315 Mass. at 180.  See S.J.C. Rule 3:07, as amended, 471 Mass. 1304 (2015) (Massachusetts Rules of Professional Conduct).  Under the rules of professional conduct, attorneys must represent their clients with competence, Mass. R. Prof. C. 1.1, as appearing in 471 Mass. 1311 (2015), and diligence, Mass. R. Prof. C. 1.3, as appearing in 471 Mass. 1318 (2015).  They may not abuse the court process by bringing frivolous claims, Mass. R. Prof. C. 3.1, as appearing in 471 Mass. 1414 (2015), and they must deal with fairness to opposing parties and their counsel. Mass. R. Prof. C. 3.4, as appearing in 471 Mass. 1425 (2015). When dealing with unrepresented individuals, attorneys may not state or imply that they are disinterested and must not give legal advice, other than the advice to secure counsel, to those whose interests may be in conflict with their clients'.

Mass. R. Prof. C. 4.3, as appearing in 471 Mass. 1442 (2015).
In contrast, a property manager engaged in the unauthorized
practice of law is not governed by the ethical rules of
professional conduct, and may not be sanctioned by the Board of
Bar Overseers for their violation.  See Mass. R. Prof. C. 8.4 &
comment, as appearing in 471 Mass. 1483 (2015); Mass. R. Prof.
C. 8.5, as appearing in 454 Mass. 1301 (2009).

The prohibition against the unauthorized practice of law
also protects landlords who allow property managers to represent
them in summary process actions.  See Lowell Bar Ass'n, 315
Mass. at 180 (purpose of prohibition is to "protect[] . . . the
public from being advised and represented in legal matters by
incompetent and unreliable persons").  This case well
illustrates the danger.  If Basile were an attorney, he would
have been expected to know that a landlord cannot file a summary
process complaint before the deadline stated in the notice to
quit, see Rule 2(b) of the Uniform Summary Process Rules, and
that it is an unfair and deceptive practice under the Attorney
General's regulations to do so.  See 940 Code Mass. Regs.
§ 3.17(5)(b).

Precisely because Basile is not an attorney, the sanctions
that are typically available for frivolous claims are not
available here.  Such sanctions can be imposed only on parties
who are represented by attorneys or on attorneys themselves.

See G. L. c. 231, § 6F (attorney's fees and other costs may be assessed against parties who were "represented by counsel" for claims that are "insubstantial, frivolous[,] and not advanced in good faith"); Mass. R. Civ. P. 11 (a), as amended, 456 Mass. 1401 (2010) (attorneys subject to "appropriate disciplinary action" for wilful violation of rule prohibiting them from signing groundless pleadings).

That does not mean, however, that a judge is powerless to sanction conduct like that committed by Basile.  Even where sanctions are not authorized by any statute or court rule, and even where no court order or rule of procedure has been violated, a judge may exercise the court's inherent power to impose sanctions for misconduct where the misconduct threatens the fair administration of justice and where the sanction is necessary to preserve the judge's authority to administer justice.  See Wong v. Luu, 472 Mass. 208, 209 (2015).  See also Commonwealth v. Matranga, 455 Mass. 45, 49 (2009) (courts retain inherent authority to impose sanctions where necessary "to secure the full and effective administration of justice"); New England Novelty Co. v. Sandberg, 315 Mass. 739, 746, cert. denied, 323 U.S. 740 (1944) ("Every court of superior jurisdiction has the inherent power . . . to punish those who obstruct or degrade the administration of justice").  "[A] court should exercise restraint and discretion both in determining

whether the rule of necessity permits the imposition of sanctions under a court's inherent powers and, where it does, in determining whether to impose a sanction in a particular case and the severity of the sanction."  Wong, 472 Mass. at 218. See Sommer v. Maharaj, 451 Mass. 615, 621 (2008), cert. denied, 556 U.S. 1235 (2009), quoting Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (inherent power of court to impose sanctions must "be exercised with restraint and discretion").

Where a plaintiff seeks to evict a tenant without the standing to do so, or where a person who is not authorized to practice law signs and files a summary process complaint -- and where that conduct is not inadvertent but by design, or part of a pattern or practice -- we hold that a court has the inherent authority, in the exercise of its sound discretion, to impose appropriate sanctions, including attorney's fees and other costs, in order to ensure the fair administration of justice in summary process actions, and to deter such conduct in the future.

Conclusion.  The order denying Hatcher's motion for partial summary judgment and entering judgment in favor of Basile is affirmed.  The case is remanded to the Housing Court judge to determine whether sanctions are warranted against Basile pursuant to the court's inherent power to ensure the fair administration of justice and, if so, in what amount.

<u>So ordered</u>.