NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-481

JPMORGAN CHASE BANK, N.A.

vs.

SHANE D'ANDREA & others.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Defendant Elizabeth D'Andrea appeals from orders of a Housing Court judge dismissing both the summary process amended complaint of the plaintiff, JP Morgan Chase Bank, N.A. (the bank), and the defendants' counterclaims without prejudice. On appeal, Elizabeth claims, among other things, that the judge erred in dismissing the counterclaims.[2] Finding no error, we affirm.

In 2008, Dorothy Menzone, Elizabeth's mother, purchased a home at 33 Highland Street in Webster, Massachusetts (the property) by taking out a loan. In 2012, Menzone refinanced the loan, executing a note in favor of Intercontinental Capital

---

[1] Elizabeth D'Andrea, Jennifer Wilson, and Dennis Brown.

[2] Because defendants Shane D'Andrea and Elizabeth D'Andrea share the same last name, we will refer to them by their first names to avoid confusion.

Group, Inc.  The loan was secured by a mortgage encumbering the property.[3]  After her death on March 15, 2013, no further mortgage payments were made.  On January 14, 2020, the bank purchased the property from itself at a foreclosure auction after purportedly sending the required foreclosure notices and publishing notice of the foreclosure sale.

The bank then commenced a summary process action on February 17, 2020, against Shane only, Menzone's great-grandson. On December 8, 2021, while the summary process action was pending, the bank sold the property to a third party.  On December 10, 2021, two days after the sale of the property, the bank, with leave of court, served the other occupants of the property in this action with an amended summary process summons and complaint.[4]  Elizabeth filed an answer to the amended complaint and counterclaims on December 31, 2021, and the other newly-added defendants filed their answer and counterclaims on January 3, 2022.  On January 13, 2022, the bank moved to voluntarily dismiss the summary process action and to dismiss all counterclaims, as it no longer held title to the property. A judge held a hearing attended by Elizabeth and then dismissed the bank's claim for possession and all counterclaims without

---

[3] The mortgage was later acquired by the bank.
[4] The amended complaint added Elizabeth; Jennifer Wilson, Shane's mother; and Dennis Brown, another occupant of the property.

2

prejudice because it lacked subject matter jurisdiction. Elizabeth appeals from the orders.[5]

Discussion. "We review the allowance of a motion to dismiss de novo, accepting as true all factual allegations in the complaint and favorable inferences drawn therefrom." Lipsitt v. Plaud, 466 Mass. 240, 241 (2013), citing Curtis v. Herb Chambers I-95, Inc., 458 Mass. 674, 676 (2011).

In her appeal, Elizabeth offer several reasons why the Housing Court judge erred, each of which can only be addressed if the Housing Court had jurisdiction over the bank's claim and the defendants' counterclaims. See Commonwealth v. Doughty, 491 Mass. 788, 805 (2023) ("Subject matter jurisdiction concerns the power of the court to entertain a particular category of case"). Accordingly, we begin our analysis with the issue of whether the Housing Court judge erred in dismissing either the bank's claim for possession or the defendants' counterclaims.

1. Dismissal of summary process action. The Housing Court is a court of limited jurisdiction. LeBlanc v. Sherwin Williams Co., 406 Mass. 888, 896 (1990). General Laws c. 185C, § 3, gives the Housing Court jurisdiction over claims involving "the possession, condition, or use of any particular housing

---

[5] Elizabeth has waived her appeal of the order denying her motion for reconsideration. See Mass. R. A. P. 16 (a) (9) (A), as appearing in 481 Mass. 1628 (2019).

3

accommodations."  Here, it is undisputed that at the time of the filing of the bank's motion to dismiss, the bank was not the owner of the property because it had transferred whatever interest it had in the property to a third party via a quitclaim deed.  "Where, as here, the plaintiff is neither the owner nor the lessor of the property, the plaintiff has no standing to bring a summary process action."  Rental Prop. Mgt. Servs. v. Hatcher, 479 Mass. 542, 546 (2018).  "[L]egal standing is a jurisdictional matter; if parties do not have standing, a court has no jurisdiction to adjudicate their claims."  Matter of Chapman, 482 Mass. 1012, 1015 (2019).

After the bank sold its entire interest in the property, its claim for possession became moot and the bank properly informed the court of its change in status by filing a motion for voluntary dismissal.  The judge then acted correctly by scheduling the matter for a hearing and providing the defendants an opportunity to be heard.  Because it is undisputed that the bank no longer even purported to own any interest in the property, it was not only proper, but also required for the Housing Court to dismiss the bank's summary process action.[6] There was no error.

---

[6] Elizabeth appears mistakenly to believe that the order of dismissal here include a judgment on the merits that the bank owned the property, a question on which we express no opinion. Moreover, the order dismissing the bank's claim for possession

4

2. Dismissal of counterclaims. We next address whether the court had jurisdiction over the counterclaims once the summary process action had been properly dismissed. In a summary process action following foreclosure, "[an] occupant facing eviction may assert that the power of sale was not strictly complied with and that the foreclosure is therefore void . . . [and] other affirmative defenses or counterclaims, such as those based on violations of G. L. c. 93A or G. L. c. 151B, and may seek possession, monetary damages, or other equitable relief." Federal Nat'l Mtge. Ass'n v. Rego, 474 Mass. 329, 339 (2016).

Elizabeth's answer and counterclaims challenged, among other things, the validity of the mortgage loan transaction and the foreclosure sale and alleged unfair business practices under G. L. c. 93A. There is no doubt that, in adjudicating a summary process action, the Housing Court has the authority to consider an affirmative defense or counterclaim challenging the validity of the foreclosure sale. Here, however, the Housing Court did not have jurisdiction over any of the defendants' counterclaims for the same reasons it did not have jurisdiction over the

---

was with prejudice. We also note that the judge had no duty at any time before issuing his order of dismissal to determine, sua sponte, whether the bank had standing to bring this action in the first place.

5

bank's summary process action.  As noted above, the bank no longer claims to own any interest in the property and the bank's claim to superior right of possession was moot once its property interests were transferred.  In fact, at the time Elizabeth filed her counterclaims, the transfer of the property was already complete.  The Housing Court correctly noted that "untethered from a claim for possession, the Housing Court is without jurisdiction under G. L. c. 185C to adjudicate post-foreclosure title issues pertaining to the validity of a mortgage loan transaction or the validity of a foreclosure sale."  Also as noted by the Housing Court judge, the defendants are not without a forum to challenge the validity of the foreclosure sale in a court of competent jurisdiction, and, should the purchaser of the bank's interest bring a summary process action, some of the bases of the counterclaims might perhaps be raised as defenses and counterclaims there, something about which, again, we express no opinion.  We also express no opinion on the merits of the defendants' claims.

Conclusion.  Because the Housing Court did not have jurisdiction to adjudicate either the summary process action or the defendants' counterclaims, we affirm the orders entered January 26, 2022, dismissing the plaintiff's amended complaint with prejudice and the defendants' counterclaims without

6

prejudice.  The order denying defendant Elizabeth D'Andrea's

motion for reconsideration is affirmed.

So ordered.

By the Court (Rubin, Neyman & Walsh, JJ.[7]),

*Joseph F. Stanton*

Clerk

Entered:  November 28, 2023.

---

[7] The panelists are listed in order of seniority.