NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

21-P-1021

TENNEY PLACE I, LLC

vs.

JAMILA FLANDERS.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

This case, which began as a summary process action, has a complicated procedural history.  We begin by summarizing the salient aspects of that history to provide context for our discussion of the issues, of which there are two:  1) whether the Housing Court judge erred in failing to enter a judgment of dismissal in the summary process action where the notice to quit was never received and the summons and complaint were not properly served, and 2) whether the judge abused his discretion in denying the defendant's motion to impound her name.

The plaintiff landlord, Tenney Place I, LLC, commenced a summary process action for nonpayment of rent against its

tenant, Jamila Flanders, in August 2019.[1]  When Flanders failed to appear in court, a default judgment was entered.  However, it subsequently came to light that Flanders had moved out of the apartment three months before the action was filed and had never received notice of the action or of the default judgment entered against her until she applied for a new apartment and her application was denied due to the record of the prior summary process judgment for nonpayment of rent.  Flanders then filed a motion for relief from the judgment as void and sought dismissal of the summary process action in its entirety for failure of service and because she had relinquished possession prior to its commencement.  The Housing Court judge allowed the motion in part, vacating the default judgment as void for lack of service but declining to dismiss the summary process action.  Instead, because there remained a claim for rent owed, the judge transferred the action to the civil session under a new docket number and ordered the landlord to serve Flanders with the new action.

According to Flanders, service of the civil action, likewise, was not properly made, as she had since moved again. Counsel for Flanders made a special appearance in the civil action and sought a dismissal on the grounds of lack of service

_____

[1] The plaintiff landlord has not participated in this appeal.

2

and that the transfer of the rent claims was improper when there was no longer a claim for possession.  That motion was denied. The judge ruled that service at Flanders's last and usual address was proper and that the claim for rent was a matter of contract law.

Flanders appealed from that order and the appeal was docketed in this court.  However, after Flanders filed her brief, the landlord voluntarily dismissed the underlying civil action, informed this court that it did not intend to file a brief, and sought dismissal of the appeal as moot.  The motion was treated as a request to voluntarily dismiss the appeal and denied by an assistant clerk without prejudice pending receipt of a stipulation of dismissal.  Concerned about the effect the continued availability of the record of the summary process action might have on her ability to rent future housing, Flanders sought a stay of appellate proceedings to file motions in the Housing Court seeking dismissal of the original summary process action, and the impoundment of her name in both the summary process action and the civil action in the Housing Court.  Leave was granted, and the motions were filed. Following a hearing held on October 12, 2022, at which all parties were present and represented by counsel, Flanders's motions seeking both dismissal of the original summary process

3

action and impoundment of her name in that action (and the related civil action) were denied in margin endorsements.

Flanders then filed a timely notice of appeal and three related single justice petitions seeking clarification whether the orders were interlocutory thereby requiring leave to appeal. A single justice of this court ruled that, with the landlord's filing of its voluntary dismissal of the pending claim for unpaid rent, there were no longer any ongoing proceedings in the Housing Court and, given the unusual posture of the case, the single justice exercised her discretion to grant leave to appeal the order denying Flanders's request for entry of judgment and from the orders denying her motions for impoundment to the extent such leave was necessary. The appeal from those orders is now before us.

Discussion. 1. Denial of the motion for entry of judgment dismissing the summary process action. Flanders argues that the original summary process action should have been dismissed and not simply transferred to the court's civil docket because the failure to properly serve the notice to quit and the summons and complaint deprived the court of personal jurisdiction. In addition, she argues that two essential elements of a summary process action were missing: first, because she had moved out prior to commencement of the action she was not "holding possession" at the time of the action, and, second, as the

4

landlord could not show that she received the notice to quit, the landlord could not meet its burden of showing that the tenancy had been terminated. Further, Flanders argues that because the landlord was not entitled to possession, it could not recover rent in the context of a summary process action and, therefore, the court lacked subject matter jurisdiction over the rent claim. Consequently, Flanders argues, there was nothing to transfer to the civil docket and it was incumbent upon the landlord to commence a separate civil action for damages.

We need not address each of Flanders's arguments regarding the summary process action separately because we agree that the action should have been dismissed in its entirety once the judge determined, as he did here, that Flanders was not in possession of the apartment. See G. L. c. 239, § 1. Accordingly, the order in the summary process matter (docket number 19H77SP003936) denying Flanders's motion for entry of a judgment of dismissal is reversed and the case is remanded for entry of a judgment dismissing that matter. Additionally, because the civil action (docket number 21H77CV000017) has been dismissed, there is no reason for us to address the question whether the matter was properly transferred to the court's civil docket. That issue is now moot.

2. Denial of the motion to impound. We now turn to Flanders's appeal from the denial of her motion to impound her

5

full name and substitute it with her initials.  Judicial records "are presumptively public documents."  New England Internet Café, LLC v. Clerk of the Superior Court for Criminal Business in Suffolk County, 462 Mass. 76, 83 (2012).  "This presumption of publicity of judicial records, however, is not absolute, and may be restricted on a showing of good cause" (quotation omitted).  Id.  "To determine whether good cause is shown, a judge must balance the rights of the parties based on the particular facts of each case and take into account all relevant factors, including, but not limited to, the nature of the parties and the controversy, the type of information and the privacy interests involved, the extent of community interest, and the reason for the request" (quotations and citation omitted).  Id.  See Boston Herald, Inc. v. Sharpe, 432 Mass. 593, 604 & n.22 (2000) (citing and quoting Rule 7 [b] of the Uniform Rules on Impoundment Procedure, Trial Court Rule VIII [2015] [Uniform Rules]).  We review orders concerning impoundment for abuse of discretion or other error of law. Boston Herald, Inc., supra at 601.

Flanders argues that the judge abused his discretion by concluding that good cause did not exist to impound her name and substitute it with her initials, and that the judge failed to

apply and analyze the factors contained in the Uniform Rules.[2]
See S.J.C. Rule 1:15, as appearing in 472 Mass. 1301 (2015).  If
the judge had properly applied the factors, she argues, they all
favor impoundment.  In particular, she claims that public access
to the summary process docket has impaired her ability to rent a
new apartment.  According to Flanders, she can expect "to
encounter difficulty in finding stable housing in the future
because landlords use the MassCourts site as a quick screening
tool."

While it is true, as Flanders contends, that the judge did
not explicate his reasons for denying the motion, we nonetheless
discern no abuse of discretion.  The judge was fully aware of
Flanders's claim that she had and would "continue to suffer
reputational harm" as a result of what she described as an
unjustified action as this issue, and others, were addressed at
the hearing.  Moreover, we are confident that the judge was
aware that negative consequences may flow from the filing of a
summary process action despite an outcome favorable to the
tenant.  Indeed, those consequences explicitly were acknowledged
by the Supreme Judicial Court in Rental Prop. Mgt. Servs. v.
Hatcher, 479 Mass. 542, 554 (2018).  We too are mindful of the
difficulties Flanders claims to have experienced.  However, such

_____

    [2] See Rules 2 (a), 7, and 8 of the Uniform Rules.

consequences are not particular to Flanders.  And, more importantly, they are not sufficient in our view to defeat the public's interest in maintaining access to court records.

Conclusion.  So much of the consolidated appeal as is from the order entered May 12, 2021, in docket number 21H77CV000017 is dismissed, not on the merits but because that order has become moot.  The order entered October 25, 2022, in docket number 19H77SP003936 denying Flanders's motion to dismiss is reversed.  The order entered October 25, 2022, in both dockets denying Flanders's motion to impound is affirmed.  The case is remanded to the Housing Court for entry of a judgment dismissing the summary process action.

So ordered.

By the Court (Vuono, Rubin & Smyth, JJ.[3]),

Assistant Clerk.

Entered:  May 30, 2024.

---

[3] The panelists are listed in order of seniority.