NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-468

S-K MANAGEMENT COMPANY, INC.

vs.

TRACY CASALINUOVA.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, Tracy Casalinuova, appeals from a judgment of the Housing Court granting possession of her apartment to the plaintiff, S-K Management Company, Inc. (S-K Management). Because we conclude that S-K Management lacked standing to bring the summary process complaint, we vacate the judgment and dismiss the complaint with prejudice.

Background.  In July 2013, the defendant signed a lease to continue renting her apartment in a complex known as Heatherwood Apartments, where she had lived since 1991.  The terms of the lease prohibit a tenant from having extended overnight visitors. From April 2019 through March 2023, the property manager (manager) sent the defendant several notices of lease

violations, including for storing belongings outside the unit, locking bikes in unauthorized locations, and installing a camera outside her residence.  The manager did not take legal action after any of these notices.

In January 2024, the defendant slipped and fell on the property.  She informed the manager over e-mail that she had slipped and hurt herself, in response to the manager's request for her to move her car.  In February 2024, the defendant had an attorney send a notice of a claim to the S-K Management corporate office.[1]  In April 2024, S-K Management served the defendant with a notice to quit, which listed lease violations of unauthorized occupants residing on the premises, unlawful installation of a camera, and failure to report income.[2]

Discussion.  1.  Standing.  Only an owner or lessor of a property has standing to bring a summary process action to recover possession of the property.  See G. L. c. 239, § 1.  Any other party, including the property's managing agent, lacks standing to bring suit, even when acting on behalf of an owner

---

[1] S-K Management argues that the attorney sent this letter to the wrong P.O. box.  Although the defendant admitted to an error in the address, the judge found that this letter was sent to S-K Management's corporate office.

[2] The apartment complex is part of the United States Department of Agriculture's Rural Development Program, which provides rental assistance to tenants.  Tenants must provide income statements to remain eligible for the assistance.

or lessor. See Rental Prop. Mgt. Servs. v. Hatcher, 479 Mass. 542, 546 (2018).

Although the defendant was not required to file a motion to dismiss for lack of standing, once she raised this issue below, the judge was obligated to conduct an inquiry into S-K Management's standing. See Rental Prop. Mgt. Servs., 479 Mass. at 543. Here, S-K Management filed in the Housing Court as "S-K Management Company, Inc., (Lessor) and/managing agent for Heatherwood Housing Associates L.P. (Owner) d/b/a Heatherwood Apartments." The record demonstrates that Heatherwood Housing Associates (Heatherwood) is the defendant's landlord. The defendant's lease "is made the between £featherwo0d [sic] Housing Associates, hereinafter referred to as the Landlord, and Tracy L. Cassallnuova [sic]." Although rent payments are sent to S-K Management, the checks must be made payable to "Heatlierwood [sic] Apts."[3] Because S-K Management identifies itself in its complaint as filing on behalf of Heatherwood as a "managing agent," the complaint is not properly pled, and S-K Management lacks standing to bring this suit.[4] See id. at 546.

_____

[3] We presume that the references in the lease such as "£featherwo0d," "Heatlierwood," "Heàtherwood," and "Heatherwood," all refer to the same entity, "Heatherwood," and that the references to "Tracy L. Cassallnuova" and "Zraey L Casalinuova" refer to Tracy Casalinuova.

[4] We are not persuaded by S-K Management's argument that identifying as "Lessor" in the caption is sufficient to grant

3

Therefore, the complaint must be dismissed with prejudice.  See id. at 543.

2.  Presumption of retaliation.  Based on our conclusion that the complaint must be dismissed, we need not consider the defendant's other challenges.  However, because the issue was fully briefed and is likely to arise in future litigation between the parties or others similarly situated, we exercise our discretion to address whether the judge erred by concluding that the eviction was not retaliatory.  See Ott v. Boston Edison Co., 413 Mass. 680, 683 (1992).

Pursuant to G. L. c. 186, § 18, and G. L. c. 239, § 2A, if a tenant received a notice to quit, other than for nonpayment of rent, within six months of the tenant's engaging in a protected activity, there is a rebuttable presumption that the landlord's action was retaliatory.  Protected activities include any act of commencing a claim for relief or reporting violations of building codes.  See G. L. c. 186, § 18.  The burden then shifts to the landlord to prove by clear and convincing evidence that the landlord had "sufficient independent justification for taking such action, and would have in fact taken such action, in the same manner and at the same time" even if the tenant had not engaged in the protected activity.  G. L. c. 186, § 18.

standing, particularly where the caption names Heatherwood as the owner.

4

Here, S-K Management sought to evict the defendant within six months of her report of a potential personal injury claim. The judge found that "Defendant has not sustained her burden of proof that Plaintiff retaliated against her." This conclusion improperly placed the burden on the defendant, when S-K Management bore the burden to rebut the presumption of retaliation raised by the defendant's personal injury claim. Furthermore, the judge did not make the necessary finding that S-K Management proved, by clear and convincing evidence, that it would have taken the same action, at the same time, in the absence of the defendant's complaints. See South Boston Elderly Residences, Inc. v. Moynahan, 91 Mass. App. Ct. 455, 469 (2017). Regardless of whether the defendant violated the terms of the lease, S-K Management had the burden to explain why it did not act on previous violations but moved to evict on the most recent violations. See id. Because the judgment misapplied the statutory presumption of retaliation and did not contain sufficient factual findings to support a finding that S-K

Management rebutted the presumption of retaliation, it was error for the judge to conclude that the eviction was not retaliatory.[5]

> The judgment is vacated and a new judgment shall enter dismissing the complaint with prejudice.

By the Court (Meade, Massing & Brennan, JJ.[6]),

*Paul Little*

Clerk

Entered:  March 18, 2026.

---

[5] To the extent that the judge concluded that the defendant did not meet her burden to establish that she engaged in a protected activity, thus the presumption did not apply, the findings of fact conflict with this conclusion.  Although the parties dispute whether S-K Management received notice from the defendant's attorney that she intended to file a claim for her slip and fall, the judge found that the notice was sent to S-K Management's corporate office.

[6] The panelists are listed in order of seniority.