NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-560

STAFFORD STREET PROPERTIES, LLC

vs.

ROBERT PEEL, THIRD, & another.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

This appeal stems from a judgment of the Housing Court granting possession of an apartment at 501 Stafford Street in Cherry Valley (premises) and damages to the plaintiff, Stafford Street Properties, LLC.  We affirm.

Background.  In March 2023, Robert Peel, III, and Sharon Foster (defendants) leased the premises from the plaintiff, which was listed as the "landlord" on the lease.  In June 2023, Peel began to complain about various condition issues with the apartment, including plumbing problems and ant infestation.  In November 2023, he sent the plaintiff written notice that he

_____

[1] Sharon Foster.  Foster neither filed a notice of appeal nor participated in the appeal.

would withhold rent beginning in December and continue to do so until the plaintiff addressed his concerns.  In December 2023, the defendants stopped paying rent, and in January 2024, the plaintiff served them with a notice to quit for nonpayment.  When the defendants did not vacate the premises or pay the rent due, the plaintiff filed this complaint for summary process.  After a jury trial, judgment entered for the plaintiff for possession, damages, and on the defendants' counterclaims.

Discussion.  1.  Standing.  Peel first argues that the plaintiff did not have standing to file the complaint.  Only an owner or lessor of a property has standing to bring a summary process action to recover possession of the property.  See G. L. c. 239, § 1; Rental Prop. Mgt. Servs. v. Hatcher, 479 Mass. 542, 546 (2018).  Here, the plaintiff, a limited liability corporation (LLC), demonstrated through the lease, notice to quit, deed, and testimony at trial that it was an owner, the landlord, and the property manager of the premises.  We disagree with Peel's apparent interpretation of summary process standing requirements as being limited to natural persons.  See, e.g., Diplomat Prop. Manager, LLC v. Lozano, 102 Mass. App. Ct. 57, 62 (2022) (limited liability company may own property and bring summary process actions).  Additionally, Peel provides no support for his contention that he was entitled to discovery

2

regarding the identity of the owners of the LLC.  We therefore conclude that there was no error in the determination that the plaintiff had standing to file this summary process action.

2.  Jury instructions.  Peel also contends that the jury instructions erroneously resolved certain contested issues before the jury could rule on them and failed to instruct the jury on other issues.  Because neither defendant objected to the instructions at trial, this issue is waived.  See Cormier v. Pezrow New England, Inc., 437 Mass. 302, 311 (2002). Furthermore, the trial judge's decision not to instruct the jury on certain claims, such as the defendants' counterclaim regarding their security deposit, was soundly within his discretion because the defendants did not put forth any related evidence at trial.  See Kiely v. Teradyne, Inc., 85 Mass. App. Ct. 431, 441-442 (2014).

3.  Sufficiency of the evidence.  Peel also contests the sufficiency of the evidence underpinning the jury verdict for the plaintiff on possession, primarily on the ground that he was entitled to withhold rent after giving the plaintiff notice of withholding due to uninhabitable conditions.  See G. L. c. 239, § 8A; Goreham v. Martins, 485 Mass. 54, 60 (2020) (tenant permitted to withhold rent after giving notice of uninhabitable conditions and landlord's failure to cure).  We review a jury

3

verdict to determine "whether anywhere in the evidence, from whatever source derived, any combination of circumstances could be found from which a reasonable inference could be drawn in favor of the [prevailing party]" (quotation and citation omitted).  K & K Dev., Inc. v. Andrews, 103 Mass. App. Ct. 338, 344 (2023).

Here, the plaintiff contested the defendants' claims about the poor condition of the premises.  A maintenance worker testified about responding to the premises to make the repairs requested by the defendants but not seeing the reported issues.  The local board of health also visited the apartment and reported minor issues but did not find evidence of many of the defendants' claimed defects.  The jury were free to credit the plaintiff's evidence, which provided a rational basis for the special verdict, and for rejecting the defendants' defenses to

eviction.[2]  See Brewster Wallcovering Co. v. Blue Mountain Wallcoverings, Inc., 68 Mass. App. Ct. 582, 594-595 (2007).

Judgment affirmed.

Order denying postjudgment motions affirmed.

By the Court (Grant, Walsh & Brennan, JJ.[3]),

*Paul Little*

Clerk

Entered:  June 4, 2026.

---

[2] The remaining issues raised in Peel's brief do not rise to the level of appellate argument.  See Mass. R. A. P. 16 (a) (9), as appearing in 481 Mass. 1628 (2019).  For example, Peel's broad claims of evidentiary error at trial regarding the trial judge's restrictions on what type of evidence Peel was permitted to present to the jury and what questions he could ask of witnesses are unsupported by sufficient legal argument or factual detail.  See Kellogg v. Board of Registration in Med., 461 Mass. 1001, 1003 (2011).  We deem all inadequate arguments waived.

[3] The panelists are listed in order of seniority.