NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-713
22-P-1257

ROCSAM PROPERTIES, LLC

vs.

CAREY INTERNATIONAL, INC. & others[1]
(and a companion case[2]).

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

In these paired appeals, defendants Carey International, Inc., Boston Cars, Inc., and Carey Limousine Boston, Inc. (collectively, Carey), argue that they should have been awarded attorney's fees and costs in two Superior Court actions brought and dismissed by their former landlord, RocSam Properties, LLC (RocSam).[3] In the first action, the dismissal was accomplished through the entry of a judgment of dismissal with prejudice that did not include an award of attorney's fees and costs to Carey but did include a sanction award against RocSam. Both parties

_____

[1] MGC Boston Property, LLC, Boston Cars, Inc., and Carey Limousine Boston, Inc.

[2] RocSam Properties, LLC vs. Carey International, Inc. & others.

[3] Neither appeal presents any issues regarding the fourth defendant, MGC Boston Property, LLC.

appealed the judgment, dated September 9, 2022, and the appeal was docketed as 22-P-1257.  In the second action, the dismissal was accomplished through RocSam's filing of a notice of dismissal without prejudice as of right, after which a different judge entered an order denying Carey's requests for attorney's fees and costs.  Carey appealed that order, dated June 21, 2021, and an order denying reconsideration dated January 11, 2022, and the appeal was docketed as 22-P-713.

Separately, RocSam cross-appeals.  In 22-P-1257, RocSam argues that the Superior Court judge committed an abuse of discretion in the denial of RocSam's motion to supplement its complaint and in the award of sanctions to Carey.  In 22-P-713, RocSam argues abuse of discretion in a single justice's November 30, 2022 decision to permit Carey a fourth enlargement of time to file its appellate brief and record appendix.[4]

On these issues, we discern no abuse of discretion.  Nor do we see error in the decisions not to award fees and costs to Carey in the second action.  We conclude, however, that Carey should have been awarded attorney's fees and costs in the first action where a judgment of dismissal with prejudice entered. Accordingly, in 22-P-1257, the September 2022 judgment is reversed in part, and the case is remanded for entry of a

_____

[4] RocSam's appeal from the single justice order was consolidated with Carey's appeal.

2

judgment that includes attorney's fees and costs. In all other respects, the judgment is affirmed. In 22-P-713, the Superior Court orders of June 2021 and January 2022, and the single justice order dated November 30, 2022, are affirmed.

1. <u>Attorney's fees and costs</u>. In March 2017, RocSam brought the first action alleging that Carey leased property owned by RocSam and that when Carey vacated the property, Carey failed to make certain repairs required under the lease, including replacing water-damaged ceiling tiles, repairing worn carpets, replastering walls, painting interior walls, and ensuring that air conditioning and heating units and light fixtures were in working order. On the day of the final pretrial conference, RocSam announced that it would seek a voluntary dismissal due in large part to lead counsel's illness and unavailability to try the case. Subsequently, RocSam filed a motion to dismiss pursuant to Mass. R. Civ. P. 41 (a) (2), 365 Mass. 803 (1974), which Carey opposed on the limited bases that it was entitled to attorney's fees and costs (1) incurred after making two settlement offers that RocSam rejected, and (2) pursuant to the "prevailing parties" provision of the lease.[5] A judge ordered the action dismissed with prejudice and denied Carey's requests for attorney's fees and costs. A judgment of

---

[5] Carey also sought enforcement of a sanctions award that we discuss <u>infra</u>.

dismissal with prejudice and without a fee or cost award entered on September 9, 2022.

Meanwhile, in January 2021, RocSam brought a second action in Superior Court, alleging that Carey made improvements and alterations to the property that it failed to restore as required by the lease, including rearranging the floor plan.[6]  A few months later, on April 27, 2021, RocSam filed a notice of dismissal pursuant to Mass. R. Civ. P. 41 (a) (1) (i), 365 Mass. 803 (1974), noting that no party had yet answered the complaint or filed a motion for summary judgment.  Following RocSam's notice of dismissal, Carey submitted a request for attorney's fees and costs, which a different judge denied on June 21, 2021.  On January 11, 2022, the same judge denied Carey's motion for reconsideration.

While the "American Rule" provides that "parties to litigation generally bear the expense of their own attorney's fees," Wilkinson v. Citation Ins. Co., 447 Mass. 663, 664 (2006), Carey argues that in both cases it should have been awarded attorney's fees pursuant to a "prevailing party" fee provision of the lease agreement.  In deciding that question, we look to the lease agreement.  See Northern Assocs., Inc. v.

---

[6] As we discuss infra, RocSam sought to supplement its complaint in the first action, but that request was denied, leading RocSam to bring the second action.

Kiley, 57 Mass. App. Ct. 874, 879 (2003). The lease agreement

provided as follows:

> "If any action at law or in equity shall be brought . . .
> for or on account of any breach of, or to enforce or
> interpret any of the covenants, terms, provisions or
> conditions of this [l]ease, . . . the prevailing party
> shall be entitled to recover from the other party
> reasonable attorneys' fees [sic], the amount of which shall
> be fixed by the court and made part of any judgment or
> decree rendered."

We construe the words of this provision according to their plain

meaning. See id.

The first action presents the question whether Carey was

the "prevailing party" where the Superior Court entered a

judgment of dismissal with prejudice. See rule 41 (a) (2). The

plain meaning of "prevailing party" is "[a] party in whose favor

a judgment is rendered, regardless of the amount of damages

awarded." Black's Law Dictionary 1351 (11th ed. 2019). See

Bardon Trimount, Inc. v. Guyott, 49 Mass. App. Ct. 764, 778

(2000), citing Hannon v. Original Gunite Aquatech Pools, Inc.,

385 Mass. 813, 828 (1982) ("prevailing party" refers "to the

party in whose favor judgment enters"). Here, a judgment

entered in Carey's favor with prejudice, meaning that RocSam may

not bring the same action again. Where the judgment

"engineer[ed] a permanent defeat" of the first action, Carey

prevailed for all practical purposes. Bardon Trimount, Inc.,

supra at 780.

5

Other language in the fee provision also supports our conclusion. In particular, the fee provision required that the fee award be "made part of any judgment or decree rendered." This language contemplated that a prevailing party would be one in whose favor a judgment or decree entered.[7]

We are unpersuaded by RocSam's reliance on the circumstances surrounding the judgment of dismissal with prejudice, namely that RocSam made a "prudent" decision to move for a rule 41 (a) (2) dismissal due to lead counsel's illness. RocSam suggests that Carey was not a prevailing party where neither RocSam's decision to seek a dismissal nor the resulting judgment were based on the merits.[8] We are unpersuaded because

---

[7] RocSam argues that one of the Carey defendants, Carey International, Inc., was not a party to the lease and was properly denied attorney's fees and costs on that basis. We decline to address the argument. Even if Carey International, Inc., was not a party to the lease, there is no dispute that the other Carey defendants were parties to the lease, and nothing before us establishes that any of the attorney's fees or costs were specifically attributable to Carey International, Inc., versus all the Carey defendants collectively. Where we remand for an award of attorney's fees and costs in the first action, RocSam may raise the argument there.

[8] Buckhannon Bd. & Care Home, Inc. v. West Va. Dep't of Health & Human Resources, 532 U.S. 598 (2001), cited by RocSam, is inapposite. Buckhannon, supra at 600-601, involved the question whether a plaintiff whose lawsuit is dismissed as moot after the lawsuit brings about a voluntary change in the defendant's conduct is a prevailing party under Federal fee-shifting statutes. The Supreme Court concluded that, in those circumstances, the plaintiff would not be a prevailing party. See id. at 610. Aside from the fact that we are asked to decide a very different question, the Massachusetts Supreme Judicial Court has "expressly rejected the application of Buckhannon

6

the fee provision "gives no hint of such a limitation," Bardon Trimount, Inc., 49 Mass. App. Ct. at 778, and, furthermore, our case law supports that a party may be the prevailing party despite not having obtained a judgment on the merits, see id. at 779.[9]

The second action stands on different footing, as RocSam dismissed that action without prejudice as of right. See rule 41 (a) (1) (i). Applying the same plain meaning of the words "prevailing party," we conclude that Carey did not prevail in the second action. No judgment entered in Carey's favor, let alone one with prejudice; the dismissal does not preclude RocSam from bringing the same action again; and nothing else

---

. . . and its progeny to fee requests under Massachusetts fee-shifting statutes or other Massachusetts authority" (quotation and citation omitted). Ferman v. Sturgis Cleaners, Inc., 481 Mass. 488, 491-492 (2019).

[9] RocSam also argues that Carey needed to assert a counterclaim for attorney's fees and costs. RocSam's sole support for this argument is Bank v. Thermo Elemental Inc., 451 Mass. 638, 667 (2008), a case in which the Supreme Judicial Court held that the defendants' claim for attorney's fees was waived, (1) because the defendants' answer did not include a claim or request for attorney's fees, and (2) because the fee-shifting statute at issue was not self-effectuating and required the defendants to prove certain facts, e.g., that the plaintiff did not participate in negotiations in good faith. In contrast, the Carey defendants' answers did include requests for attorney's fees and costs, and the fee provision in the lease agreement was self-effectuating.

"engineer[ed] a permanent defeat" of the second action.  <u>Bardon</u>
<u>Trimount, Inc</u>., 49 Mass. App. Ct. at 780.[10]

We note that these appeals exemplify the sound reasons for
distinguishing between (1) a dismissal with prejudice requested
around the time of the final pretrial conference and (2) a
dismissal without prejudice as of right filed before the adverse
party answers the complaint or files a motion for summary
judgment.  The first action was pending for over four years
before RocSam moved to dismiss.  In the intervening time, Carey
incurred substantial attorney's fees and costs by engaging in
discovery and preparing for trial.  Where Carey would have
recovered those fees and costs had it prevailed at trial, and
where RocSam made a last-minute decision not to try the case,
Carey should have been awarded the same fees and costs.  In
contrast, little transpired in the second action, and the
dismissal without prejudice leaves open the possibility that
RocSam may bring the action again and go to trial on it.
Accordingly, it would be premature to conclude that Carey is the
prevailing party in the second action.[11]

---

[10] Carey argues that the judgment of dismissal with prejudice of
the first action bars RocSam from litigating the claims asserted
in the second action due to the doctrine of claim preclusion.
The difficulty with this argument is that it asks us to
speculate on the merits of the second action, which we decline
to do where that action was dismissed without prejudice.
[11] With respect to the first action, Carey also argues that it
should have been awarded costs as the prevailing party pursuant

8

2.  RocSam's cross appeals.  a.  Motion to supplement complaint.  RocSam argues that it should have been allowed to supplement its complaint in the first action, thereby obviating the need for it to bring the second action.  As a preliminary matter, the argument is not properly before us.  The argument presents a challenge to the judgment of dismissal with prejudice, which was entered at RocSam's request.  RocSam cannot now seek to undo that judgment and proceed to trial on a supplemental complaint.[12]  Cf. TAL Fin. Corp. v. CSC Consulting, Inc., 446 Mass. 422, 429 n.10 (2006) (disregarding argument contrary to position taken at trial).  Regardless, we briefly address the merits.

RocSam brought the first action in March 2017 and did not move to supplement its complaint until over three years later, in August 2020, approximately sixteen months after the April 29, 2019 discovery deadline.  RocSam did not articulate any reason for the delay, and the supplemental complaint was based on facts known to RocSam when it brought the first action.  On these facts, there was no abuse of discretion in the denial of

_____

to Mass. R. Civ. P. 54 (d), as appearing in 382 Mass. 821 (1980).  For the reasons already articulated, we agree.  The issue may be addressed on remand.

[12] For that matter, it does not appear that RocSam seeks that remedy.  At oral argument, counsel for RocSam acknowledged that there was no remedy for the denial of the motion to supplement the complaint and that RocSam raised the argument to explain why it filed the second action.

9

RocSam's motion to supplement its complaint.  Cf., e.g.,

Kirschbaum v. Wennett, 60 Mass. App. Ct. 807, 815-816 (2004)

(involving motion to amend).

b.  Sanctions.  RocSam also argues abuse of discretion in

the award of sanctions to Carey in the first action.[13]  On

February 21, 2019, Carey's counsel advised RocSam's counsel that

Carey wished to inspect the property.  From then until early

April, the attorneys discussed the possibility of an inspection,

but RocSam never agreed to a date.  On or around April 11, 2019,

Carey filed a motion to compel.  A judge of the Superior Court

(discovery judge) allowed the motion and ordered that the

inspection take place within seven days of her April 22, 2019

order.  When Carey's counsel reached out to RocSam's counsel to

schedule the inspection, RocSam's counsel responded that Carey

could inspect the property on April 29 at 10 A.M.  Thereafter,

Carey's counsel learned that Carey's expert witness and client

representative were not both available for an inspection until

the week of May 6.  On April 26, the last business day before

the April 29 deadline to complete the inspection, Carey's counsel

sent two e-mail messages to RocSam's counsel asking if RocSam

_____

[13] While the award of sanctions was also part of the judgment
that entered at RocSam's request, the judge addressed it in a
separate decision and RocSam specifically preserved the right to
challenge that award on appeal; accordingly, RocSam's arguments
regarding the sanctions award are properly before the court.

10

would consent to a brief extension of time.  RocSam's counsel responded to the second message but did not agree to an extension of time.[14]  On or around April 29, 2019, Carey filed a motion to modify the inspection order to permit an inspection the week of May 6 and for sanctions.  RocSam filed a limited opposition, ultimately agreeing to the extension but arguing against the request for sanctions.

RocSam argues that it was an abuse of discretion for the discovery judge to award sanctions because (1) it was Carey's fault, not RocSam's, that the inspection did not take place within the original window of April 22 to April 29, (2) RocSam was under no obligation to agree to an extension of time, and (3) RocSam did not object to Carey's motion for an extension of time.  These arguments disregard what really happened here, which is that RocSam employed obstructionist tactics from the start.  RocSam's dilatory responses to Carey's request to inspect the property forced Carey to seek judicial intervention and obtain the initial inspection order.  At that point, it should have been patently clear that the inspection would take place.  Yet, when Carey requested a brief extension of time, RocSam again responded in a such a way that Carey was left with

_____

[14] Later on April 26, Carey's counsel offered to look into rearranging schedules to inspect the property on April 30 if RocSam would agree to that, and RocSam's counsel again did not respond.

11

no option but to seek judicial intervention. Accordingly, the discovery judge did not abuse her discretion in sanctioning RocSam. See Rental Prop. Mgt. Servs. v. Hatcher, 479 Mass. 542, 556 (2018) (judges have inherent power to impose sanctions against those who obstruct administration of justice).

RocSam also argues that, subsequently, another judge of the Superior Court abused her discretion in not fully reconsidering the award of sanctions. RocSam's motion for reconsideration, styled as a motion for relief, was not heard until RocSam filed its motion to dismiss the first action, at which point the case was before yet another judge (motion judge). RocSam argues that the motion for reconsideration should have been transmitted back to the judge who imposed the sanctions (i.e., the discovery judge), and that the motion judge "dismissively" denied the request for reconsideration without giving the sanction award a "fresh look." Both arguments are without merit. At the hearing, RocSam took the position that the motion judge could rule on the request for reconsideration of the sanction award, thereby waiving any argument that the motion should have been transmitted back to the original discovery judge. See TAL Fin. Corp. 446 Mass. at 429 n.10. As to the merits, while it is true that a judge has the power to review or modify another's judge's prior order, it is also true that "[a] judge should hesitate to undo his own work" and "[s]till more . . . hesitate to undo the

12

work of another judge" (citation omitted).  Tompson v.
Department of Mental Health, 76 Mass. App. Ct. 586, 592 (2010),
cert. denied, 565 U.S. 984 (2011).  The motion judge's order
reflects a proper understanding and application of these
principles.  Where the discovery judge did not abuse her
discretion in sanctioning RocSam, the motion judge did not abuse
her discretion in declining to undo the discovery judge's work.

c.  Enlargement of time.  RocSam argues abuse of discretion
in a single justice's decision in 22-P-713 to allow Carey's
motion for a fourth enlargement of time to file its appellate
brief and record appendix.  Carey sought the enlargement of time
on the basis that (1) its other appeal had not yet been
docketed, (2) both appeals involved the same parties and similar
issues, and (3) Carey therefore planned to seek consolidation of
the appeals.  Ultimately, the appeals were not consolidated, but
the fourth enlargement of time allowed the parties to brief, and
for us to hear and decide, the appeals at the same time, which
served the interest of judicial economy.  Thus, we discern no
abuse of discretion.[15]

---

[15] We are unpersuaded by RocSam's argument that the Appeals Court
has a policy of not allowing enlargements of time beyond 120
days.  See Lawrence Sav. Bank v. Garabedian, 49 Mass. App. Ct.
157, 161 n.14 (2000) (enlargements of time beyond 120 days are
"not ordinarily" granted).  The policy is not a rule and
contemplates the possibility of enlargements beyond 120 days.

13

3. Conclusion. Regarding appeal 22-P-1257, so much of the September 2022 judgment that did not award attorney's fees and costs is reversed, and that aspect of the case is remanded for further proceedings consistent with this memorandum and order. In all other respects, the judgment is affirmed. In appeal 22-P-713, the Superior Court orders of June 2021 and January 2022,

14

and the single justice order dated November 30, 2022, are affirmed.[16]

So ordered.

By the Court (Vuono, Meade & Walsh, JJ.[17]),

*Assistant Clerk*

Entered:  January 26, 2024.

---

[16] Carey and RocSam both seek appellate attorney's fees.  Carey seeks them pursuant to the fee provision of the lease agreement, and RocSam seeks them on the basis that Carey's appeals are frivolous.  Carey is entitled to appellate attorney's fees and costs incurred thus far in connection with the first action.  In accordance with the procedure specified in Fabre v. Walton, 441 Mass. 9, 10-11 (2004), Carey may, within fourteen days of issuance of the rescript in 22-P-1257, submit an application for appellate attorney's fees and costs.  RocSam shall have fourteen days thereafter to respond.  RocSam's response may address whether any of the requested fees should be denied on the basis that Carey International, Inc., was not a party to the lease. See note 8, supra.  The other requests for appellate attorney's fees are denied.

[17] The panelists are listed in order of seniority.